FROST, *Appellant*, v. WILSON.

1. **City Recorder Ex-Officio Justice of the Peace**: CONSTITUTIONAL LAW. A provision in a city charter that the city recorder shall be *ex-officio* a justice of the peace within the limits of the city, does not violate any constitutional prohibition.

2. **Hannibal City Recorder**: CONSTITUTIONAL LAW: TITLE OF ACT. The title "An act to consolidate into one the various acts in relation to the charter of the city of Hannibal," is sufficiently comprehensive to embrace a section creating the office of recorder and vesting the recorder with the powers of a justice of the peace within the limits of the city. Acts 1873, p. 249, ¿ 20.

3. **Lien of Justice's Execution**: SUBSEQUENT ASSIGNMENT FOR BENEFIT OF CREDITORS. The lien of an execution in the hands of a constable holds good against a subsequent assignment for the benefit of creditors under the general assignment law.

*Appeal from Hannibal Court of Common Pleas.*—HON. J. T. REDD, Judge.

AFFIRMED.

The executions in question in this case all came into the hands of the constable prior to the 21st day of July, 1875.

*W. P. Harrison* for appellant.

*W. D. Anderson, W. C. Foreman, S. D. Barnes* and *Adam Theis* for respondent.

HENRY, J.—This suit originated in the Hannibal court of common pleas, and the petition alleged that the plaintiff was lawfully possessed of a stock of dry goods, and that defendant, Wilson, wrongfully took them from his possession, to his damage, &c. The defendant's answer alleged that at the time the goods mentioned in the petition were taken possession of by him, he was constable of Mason township, in Marion county, Missouri, and acting as such, and that Charles W. Mills was recorder of the city of Hannibal, and by the charter of said city was vested with the power and jurisdiction of a justice of the peace, and that John L. Lacey was a justice of the peace within and for Mason township, in said county, and that several executions, some issued by said Mills, and others by said Lacey, as justices of the peace, aggregating in amount about $1,500, on judgments rendered by them respectively, against Chas. H. Yancy, were placed in his hands as constable, and, that he levied them upon the goods in question as the property of said Yancy to satisfy said executions.

Plaintiff filed a replication denying that Mills was a justice of the peace, and that the judgments rendered by him possessed any validity; that any valid executions were or could have been issued on said pretended judgment; that any valid executions came to the hands of defendant issued by said Mills; that defendant seized, or held said goods by virtue of any executions issued by said Mills; denied that Lacey rendered the judgments set out in the answer; that he issued any executions, &c., &c., and alleged that plaintiffs in said executions agreed with said Yancy that said executions were not to be levied on the stock of goods then in Yancy's possession, but that Yancy should continue in possession as usual; and that under said agreement and by direction of said plaintiffs, the defendant did not levy said executions on said goods, but held the same until the 24th day of July, 1875; that on the 21st day of July, 1875, Yancy conveyed the goods, and delivered pos-

session thereof, to plaintiff, under the general assignment law, for the benefit of all the creditors of Yancy, and on the 24th day of July, 1875, defendant took the goods from the plaintiff. The goods so taken were only a part of the assigned stock. The execution plaintiffs, on their application, were made parties defendants. The cause was tried by a jury in May, 1876, and there was a verdict and judgment for defendant, from which plaintiff has appealed.

The rendition of the judgments by Mills and Lacey, respectively, as alleged, was proved, and the only objection interposed by plaintiff was, that Mills was not a justice of the peace, and had no power to render the judgments. It is conceded that

1. CITY RECORDER EX-OFFICIO JUSTICE OF THE PEACE: constitutional law.

plaintiff failed to prove the alleged agreement between Yancy and the plaintiffs in the judgments rendered by said justices of the peace, that the executions should not be levied, and that Yancy should continue in possession of the goods. There are, therefore, but two questions for consideration. First, Was Mills, as recorder of the city of Hannibal, *ex-officio* a justice of the peace? Second, Did plaintiff take the goods under the assignment subject to the liens of said executions? The court ruled both questions for defendant, and we think did not err in so doing. Section 20, article 5 of the charter of the city of Hannibal, approved March 8th, 1873, provides that the recorder shall be *ex-officio* a justice of the peace within the limits of the city, with the same jurisdiction as a justice of the peace. Section 25, article 6, constitution of 1865, authorized the General Assembly to provide for as many justices of the peace as the public good may require. In most of the city charters granted by the Legislature of this State, the mayor or recorder of the city is vested with the jurisdiction and powers of a justice of the peace, and declared a justice of the peace *ex-officio*, and this is the first time we have known the power of the General Assembly so to provide, called in question. This mode of providing for such additional

justices of the peace as the public good may require, is in conflict with no provision of the constitution.

The act of 1873 is entitled "An act to consolidate into one, the various acts in relation to the charter of the city of Hannibal," and plaintiff's counsel contends that "this title is not sufficiently comprehensive to embrace a provision creating the office of justice of the peace, and defining and declaring his jurisdiction in civil matters." It was sufficiently comprehensive to embrace a provision creating the office of city recorder, and prescribing his duties, powers and jurisdiction, or the office of mayor, who, in many charters, is invested with the powers and jurisdiction of a justice of the peace. We think that the position of the counsel for appellant on the subject untenable.

*2. HANNIBAL CITY RECORDER: constitutional law: title of act.*

The executions issued upon the judgments rendered by Mills and Lacey were, under section 5, Wag. Stat., 841, from the time of delivery to the constable, a lien on the stock of goods in controversy. Plaintiff held the goods under the assignment subject to the liens of the executions. The assignee does not occupy a more favorable position in this respect than a *bona fide* purchaser of the goods from the defendant in the executions; and that the lien holds, even against such a purchaser, is well settled in this State. *Brown v. Burrus*, 8 Mo. 26; *State to use of Beazley v. Blundin*, 32 Mo. 387. Yancy could not destroy a specific lien created by the statute in favor of plaintiff in executions against him by conveying his property to an assignee for the benefit of his creditors generally. Judgment is affirmed. All concur.

*3. LIEN OF JUSTICE'S EXECUTION: subsequent assignment for benefit of creditors.*