In the Matter of the Altering and Widening of MAIN STREET, IN THE VILLAGE OF SING SING.

The provision of the act of 1880 "to consolidate, amend and revise the charter of the village of Sing Sing" (§ 38, chap. 568, Laws of 1880), which relates to the laying out, opening and widening streets, being but a re-enactment of a provision in the charter of 1859 (§ 1, tit. 5, chap. 437, Laws of 1859), the portion of said provision which directs that all proceedings for the purposes specified shall conform to the provisions of the Revised Statutes, in laying out highways, refers to the General Highway Act as originally contained in the Revised Statutes, and is not affected by the amendment thereto made in 1875 (chap. 431, Laws of 1875).

The change, therefore, in the manner of selecting jurors made by said act of 1875, does not apply to said village.

(Submitted March 3, 1885; decided March 10, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made October 3, 1883, which affirmed the proceedings of the trustees of the villiage of Sing Sing, in altering, widening and grading Main street in said village, which proceedings were brought up for review by *certiorari*. (Reported below, 30 Hun, 424.)

The principal objection to the proceedings was that jurors were not drawn as required by the act chap. 431, Laws of 1875, amending the provisions of the Revised Statutes, known as the General Highway Act.

*John Gibney* for respondent. The particular provisions of

the charter should be read and construed in the light of the whole instrument and of all preceding charters. (*Smith* v. *Kernochen*, 7 How. 198.) A provision in a village charter is not repealed by implication or affected by an amendment to the general laws relating to the same subject-matter. (*Village of Gloversville* v. *Howell*, 70 N. Y. 287.) Statutes of a general nature do not repeal, by implication, charters and special acts passed for the benefit of a particular locality. Repeals by implication are not favored. (1 Dill. on Corp. 172, note.) A special local statute is not repealed by a general statute unless the intent to repeal is manifest, although the terms of the general statute would, but for the special law, include the case provided for by the latter. (*Matter of Wachen*, 62 How. 352; 69 N. Y. 209.) A local act passed subsequently to a general act must be deemed to have superseded the general act to the extent where they conflict. (1 Demarest, 475.) Special laws of a municipal corporation are not repealed by subsequent general laws passed on the same subject. (12 Ill. 339.) A general statute repealing all acts contrary to its provisions does not repeal or affect a section in the charter of a municipal corporation upon the same subject. (*State* v. *Branin*, 3 N. J. 484; Dill. on Mun. Corp., § 54.) Commissioners of highways have power to alter a highway without the intervention of a jury, and it is only in case of laying out a new road through improved lands that the intervention of a jury was necessary. (*Garretson* v. *Com'rs of Highways*, Hill & Denio, 162; *People* v. *Lasher*, 2 T. & C. 140.)

*Smith Lent* for appellants. The expense of this improvement is a charge upon the whole town of Ossining and not upon the village of Sing Sing alone. (Laws of 1880, chap. 568, § 38.) The relators have to pay their proportion of the expense of carrying this order into effect and have a standing in court to have the order reviewed. (*People* v. *Supervisors*, 57 Barb. 377; *Wildey* v. *Washburn*, 16 Johns. 49; *Lawton* v. *Com. of Cambridge*, 2 Cai. 179; *Swift* v. *Poughkeepsie*, 37 N. Y. 511.) When the charter was passed in 1880 the refer-

ence to the Revised Statutes meant the Revised Statutes as then amended. (*B'd Excise Westchester* v. *Curley*, 9 Abb. [N. S.] 100; *S. C.*, 69 N. Y. 608.)  The trustees may alter and widen or lay out and open streets through orchards, etc., without the consent of the owners ; but in such case the necessity thereof must be " certified to by the oaths of twelve reputable freeholders in the manner prescribed." (R. S. [7th ed.] 1239, §§ 58, 59.)  The trustees of Sing Sing being commissioners of highways with the same powers as commissioners of highways of towns, any legislation affecting the powers of commissioners of highways of towns affects the powers of the trustees. (*Mitchell* v. *Halsey*, 15 Wend. 242; *Orleans Bk.* v. *Bunnell*, 10 id. 186.)

ANDREWS, J.  Chapter 568 of the Laws of 1880, is entitled "An act to consolidate, amend and revise the charter of the village of Sing Sing."  Section 38, which relates to the laying out, opening and widening streets in the village, is a reenactment of section 1, title 5, of the charter of 1859 (Laws of 1859, chap. 439), which has been incorporated in all subsequent amendments of the charter.  The section among other things provides that in all proceedings for laying out, opening and widening streets in the village, the trustees (who are made commissioners of highways for the village) shall conform to the provisions of article 4, title 1, chapter 16, part 1 of the Revised Statutes (the General Highway Act), so far as the same can be made applicable.  Except for the re-enactment of the section in the charter of 1880, it would be plain that the change in the manner of selecting jurors under the general statute, made by chapter 431 of the Laws of 1875, amending the Revised Statutes, and providing that jurors should be drawn by the town clerk, etc., would not apply to the village of Sing Sing. The charter of 1859, which makes the provisions of the Revised Statutes, in reference to the laying out, etc., of highways, applicable to the laying out, widening, etc. of streets in the village, necessarily referred to the provisions of the General Highway Act, then existing.  A subsequent amendment of the

general law would not operate *ipso facto* as an amendment of the charter.   If the act of 1859, in place of incorporating by reference the provisions of the Revised Statutes into that act, had re-enacted those provisions in full, it could not be claimed that subsequent amendments of the general law would change the charter, and the case is not changed by the mere form of the enactment.   The regularity of the proceedings in this case depends therefore upon the effect of the re-enactment in the charter of 1880, of the section in the charter of 1859.   The necessity of the highway was regularly certified by freeholders under the system which prevailed prior to the amendment of the general law in 1875.   The act of 1880 was to consolidate, amend, etc., the charter.   The provisions in the act of 1859, upon the subject of laying out, opening and widening highways in the village, were re-enacted, but were not repealed by the act of 1880.   Section 65 repeals only inconsistent acts.   The act of 1859 was not only not inconsistent with the act of 1880 in the respect mentioned, but on the contrary was identical in language.   It made the provisions in the act of 1859, a part of the act of 1880, the purpose of which latter act was, among other things, to consolidate the various charter provisions.   Section 38 refers to the Revised Statutes in the same terms as in the corresponding section in the act of 1859, and no reference is made to the amendment of 1875.   In the absence of any indication of a contrary intention, it may well be that the section would be deemed to refer to the Revised Statutes as amended by the act of 1875.   But the section among other things, authorizes the laying out of streets through any orchard or garden, or through any buildings or erections for the purpose of trade or manufacture, upon the certificate of twelve freeholders, the same number required for the laying out of a highway, under the Revised Statutes as originally enacted, whereas by the amendment of 1875, the certificate of nine jurors, certifying to the necessity of a proposed highway, is sufficient. The case is not free from difficulty, but in view of the fact that section 38 of the charter of 1880 was a mere re-enactment of the provisions in the charter of 1859, and that the charter

of 1880 was so far as it embraced the provisions in the prior charter, a mere consolidation act, and that section 38 expressly adopts the system of the Revised Statutes as originally enacted, in respect to the number of jurors required to certify to the necessity of the street when laid out through an orchard, garden, or building, we are of opinion that the legislature did not by the reference in the thirty-eighth section to the Revised Statutes, intend to incorporate into that section the amendment of 1875. This conclusion leads to an affirmance of the order, and renders it unnecessary to consider whether, under the general law, the certificate of freeholders is requisite when the proceeding is to widen an existing highway, and not to lay out a new one. (See *Garretson* v. *Clark et al., Com'rs, etc.,* Hill & Denio, 162.)

The order should be affirmed.

All concur.

Order affirmed.