(3 Misc. Rep. 55.)

CARLING v. PURCELL.

(Common Pleas of New York City and County, General Term. March 14, 1893.)

1. SECURITY ON APPEAL.—COURT OF COMMON PLEAS—AMENDMENT OF STATUTE.
Code Civil Proc. § 1341, (Laws 1876, c. 431,) provides that security must be given on an appeal to the supreme court. Section 3192 provides that section 1341 shall apply to appeals from the New York city court to the court of common pleas. Laws 1890, c. 450, § 7, amends section 1341 so as to dispense with security on appeal to the supreme court. *Held,* that such amendment did not dispense with the requirement of security on appeals from the New York city court to the common pleas, since section 3192 adopted section 1341 as it was originally enacted.

2. APPEALABLE ORDERS.
Where an appellant fails to give the security required by section 1341, the appeal is ineffectual, and an order dismissing it is unnecessary, and therefore such order is not appealable.

Appeal from special term.

Action by John Carling against William Purcell. There was judgment for defendant, and from an order dismissing an appeal from the general term of the city court, plaintiff appeals. Appeal dismissed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Thomas J. Farrell, for appellant.
Johnston & Johnston, (Edward W. S. Johnston, of counsel,) for respondent.

BISCHOFF, J. Plaintiff sought to appeal to this court from a judgment of the general term of the city court of New York, which affirmed a judgment for defendant. To that end he served his notice of appeal, but did not give the security required to perfect the appeal by section 1341 of the Code of Civil Procedure before its amendment by chapter 450, Laws 1890. Defendant thereupon, under the provisions of rule 11 of the special rules, applied to this court at special term, and on notice to plaintiff, for an order dis-

missing the appeal. This order was granted, and from it the present appeal is attempted to be taken.

Section 1341 of the Code of Civil Procedure, as originally enacted, (see chapter 431, Laws 1876,) provided that upon an appeal to the supreme court from an inferior court security must be given to render it effectual, and the security intended is the same as provided for in case of an appeal to the court of appeals. Code Civil Proc. § 1326; Lane v. Humbert, (Com. Pl. N. Y.) 9 N. Y. Supp. 744. Sections 3191--3194 regulate appeals from the city court of New York to this court, and section 3192 declares that titles 1 and 3 of chapter 12 of act of 1880, c. 178, (comprising sections 1293--1323, 1340--1345,) shall be applicable to such appeals, except as sections 3193, 3194, may otherwise prescribe. By section 7, c. 450, Laws 1890, section 1341 of the Code of Civil Procedure was so amended as to dispense with security to perfect an appeal to the supreme court from an inferior court, and the query is whether or not this amendment applies to appeals from the city court of New York to this court. It is a rule which governs the interpretation of statutes that a statute which expressly or by necessary implication adopts another must be deemed to have incorporated the statute adopted ipsissimis verbis, and that future additions to or modifications of the latter are not included in the adoption, unless a contrary intention is clearly manifested. Suth. St. Const. § 257; End. Interp. St. p. 115, § 85; Knapp v. Brooklyn, 97 N. Y. 520; In re Main Street, etc., 98 N. Y. 454. Section 1341 of the Code of Civil Procedure at the time of the enactment of section 3192 (May 6, 1880) required security to render the appeal effectual, and, as the last-mentioned section contains nothing from which an intention to include future additions to or modifications of section 1341 in the adoption is inferable or apparent, the rule of interpretation referred to precludes the application of the amendment which dispenses with the security to appeals from the city court of New York to this court. Hence, to render such an appeal effectual, security must still be given. Pursuant to the provisions of section 1347 of the Code of Civil Procedure, an appeal to the general term of a superior city court, of which this court is one, (section 3343, subd. 1,) from an order made at special term, can only be taken when the order (1) grants, refuses, continues, or modifies a provisional remedy; (2) grants or refuses a new trial; (3) involves some part of the merits; (4) affects a substantial right; (5) in effect determines the action, and prevents a judgment from which an appeal might be taken; or (6) determines a statutory provision to be unconstitutional. Clearly the order dismissing the appeal is not among the cases provided for unless it may be successfully claimed that it affects a substantial right. But the effect of the omission to give the required security was to render the appeal ineffectual, and the notice of appeal to this court a nullity. Raymond v. Richmond, 76 N. Y. 106; Manufacturing Co. v. Thayer, 82 N. Y. 610. No appeal was pending; the order dismissing it was unnecessary; no right whatever of the plaintiff was involved, and the order was for that reason not appealable. The appeal should therefore be dismissed, with costs.