(7 Misc. Rep. 390.)

### BROOKER et al. v. FILKINS.

(Common Pleas of New York City and County, General Term. March 5, 1894.)

APPEAL—DISMISSAL—POWER OF SPECIAL TERM.

The special term of the court of common pleas has no power to dismiss an appeal to the general term.

Appeal from special term.

Action by Smith A. Brooker and another against John Filkins. From an order granting defendant's motion to dismiss plaintiffs' appeal from a judgment and order of the general term of the city court, on the ground that the appeal had not been perfected by the giving of an undertaking, plaintiffs appeal. Reversed.

For decision by the general term of the city court, see 25 N. Y. Supp. 514.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Edward Hassett, for appellants.

Abner C. Thomas, for respondent.

DALY, C. J. Appeals from the city court are to be taken to the court of common pleas for the city and county of New York. Code, § 3191. The appeal must be heard at a general term of the appellate court. Section 3193. The special term, therefore, has no power to dispose of the appeal. A motion to dismiss upon the ground that the appeal has not been perfected, or for any other reason, cannot be entertained at the special term. Where a party has served his notice of appeal in time, but has omitted to give an undertaking, the court in or to which the appeal is taken may, in its discretion, permit the omission to be supplied. Code, § 1303. The application for such permission may be made at special term of this court, for the court of common pleas is the court in or to which the appeal is taken, (section 3191,) and all applications to the court must be made, in the first instance, at the special term, unless by statute or rule it is provided otherwise. All the powers of the court, except the hearing of appeals, are exercised by the special term. In this case, therefore, upon proper proof of the facts, the special term may entertain the plaintiffs' application for leave to supply the omitted undertaking which is necessary to perfect their appeal, (Carling v. Purcell, 22 N. Y. Supp. 558; 3 Misc. Rep. 55,) and opportunity will be afforded to make that motion, since the order dismissing the appeal will have to be reversed. Such an order, if authorized in any event, can be made only at the general term of this court. Order reversed, without costs. All concur.