(8 Misc. Rep. 133.)

PEOPLE ex rel. THOMPSON v. WEBSTER, Superintendent, et al.

(Supreme Court, Special Term, Oswego County. April 21, 1894.)

1. STATUTES—EXPRESSION OF SUBJECT IN TITLE.

Laws 1871, c. 810, entitled "An act to amend an act entitled 'An act to incorporate the city of Watertown,'" which provides that a certain section of the Revised Statutes, in its application to said city, "is amended so as to read as follows," and then proceeds to prescribe the powers of the city recorder, does not violate Const. art. 3, § 16, which provides: "No private or local bill shall embrace more than one subject, and that shall be expressed in the title."

2. SAME—REPEAL.

A special statute which applies the provisions of a general statute to a local court is not repealed by a subsequent repeal of the general statute.

Habeas corpus by Nellie Thompson to inquire into the legality of her detention by Charles A. Webster, as superintendent of the penitentiary of the county of Monroe, and others.

James A. Ward, for plaintiff.

Howard H. Widener and Virgil K. Kellogg, for defendants.

WRIGHT, J. The petitioner was sentenced to the Monroe county penitentiary by the recorder's court of the city of Watertown for the crime of keeping a house of ill fame and prostitution. She now urges that the court had no jurisdiction, on the ground that the statute which purports to confer upon that court jurisdiction over this offense is unconstitutional for the reason that it contravenes the sixteenth section of article 3 of the constitution, which provides that "no private or local bill, shall embrace more than one subject, and that shall be expressed in the title." The statute in question is chapter 810, Laws 1871, which is entitled "An act to amend an act entitled 'An act to incorporate the city of Watertown,' passed May 8th, 1869," etc. (the remainder of the title does not concern the question under consideration). This statute amends the original act of incorporation of the city with respect to its officers, their powers, duties, and compensation. It is claimed by the relator that section 11, which is the section under which the recorder claims jurisdiction over the offense in question, introduces a separate subject into the statute, in violation of said clause of the constitution, from the fact that it amends the Revised Statutes. It reads as follows:

"Sec. 11. Section two, article one, title three, chapter two, of the fourth part of the Revised Statutes in its application to the city of Watertown, is amended

so as to read as follows: When any person, charged with any offense specified in the first section of said article, or with the commission of any of the acts or offenses designated in the first section of title five, chapter twenty, of part first of the Revised Statutes, or shall be charged with drunkenness or disorderly conduct, or charged with any act which is a misdemeanor by law, shall be brought before the recorder of said city, said recorder shall have power, upon conviction of such offender, to punish by fine, not exceeding fifty dollars, or by imprisonment in the common jail of the county of Jefferson at hard labor, for a term not exceeding six months, or by both such fine and imprisonment."

. It is a fundamental canon of construction that, "when a statute is challenged as in conflict with the fundamental law, clear and substantial conflict must be found to exist to justify its condemnation." We must "presume in favor of its validity, until its violation of the constitution is proved beyond all reasonable doubt." Sweet v. City of Syracuse, 129 N. Y. 350, 27 N. E. 1081, and 29 N. E. 289. The incorporation of the city of Watertown is the subject stated in the title, and this section, read literally, introduces the subject of the Revised Statutes into the act. Yet from the clause in said section confining "its application to the city of Watertown" it is obvious that the purpose of this section is to amend the charter by conferring upon the recorder jurisdiction over the offenses designated in said sections of the Revised Statutes; but, instead of simply stating in direct terms that the recorder shall have jurisdiction over the offenses designated in said sections, the legislature has adopted another, and a very bungling, method to express that purpose. That literary defect, however, does not obscure the object. This amendment of the Revised Statutes is only incidental to the main subject of the act, which is the incorporation of the municipality; and that subject embraces, as separate parts thereof, the definition of the powers and duties of the city officers. Harris v. People, 59 N. Y. 599; Frost v. Wilson, 70 Mo. 664.

Again, what was the object of the enactment of this constitutional provision? The answer to that question may further aid us in determining the question herein. The object was "to prevent the joining of one local subject to another, or others of the same kind, or to one or more general subjects, so that each should gather votes for all; and to advise the public, and the locality, and the representatives of the locality and of other parts, of the general purpose of the bill, so that those interested might be on their guard as to the whole or as to the details." Harris v. People, supra; People v. Sup'rs Chautauqua Co., 43 N. Y. 10. But this section relates solely to the municipality of Watertown, and is in harmony with the rest of the act. There is, therefore, no conflict between this section and the constitution when this section is read in the light of the obvious purpose of its enactment, and in the light of the object of the adoption of said constitutional provision. The intention of the legislature is to be deduced from the whole statute; and when it is clear that the purpose of the statute is fully comprehended under the subject stated in the title, that intention will prevail in favor of its constitutionality over the technical fault of a literal expression of another subject. In re New York & B. Bridge, 72 N. Y.

527; People v. Banks, 67 N. Y. 568. This section in question is therefore not repugnant to the constitution.

It is further urged that these sections of the Revised Statutes have been repealed by chapter 593, Laws 1886, and that, therefore, the application thereof to the recorder's court under this section in question falls. But it is a general principle that a general stat-ute will not repeal a local statute unless special reference is made to the local statute in the repealing act, or the intention to effect such repeal is otherwise specially expressed. In re Main St., Sing Sing, 98 N. Y. 454; Van Denburgh v. Village of Greenbush, 66 N. Y. 1. A special statute making the provisions of a general statute applicable to a local court is not affected by the repeal of the general statute. Bergman v. Wolff (Super. Buff.) 11 N. Y. Supp. 591; People v. Burleigh, 1 N. Y. Cr. Rep. 522. Such is the rule, even though the general statute contains a general repealing clause as to inconsistent legislation. Whipple v. Christian, 80 N. Y. 523; Aldinger v. Pugh (Sup.) 10 N. Y. Supp. 684. In the repealing stat-utes here under consideration no intention is expressed to embrace the special statute making them applicable to the charter of the city of Watertown. Therefore these sections of the Revised Stat-utes, so far as they relate to said recorder's court, are not repealed. The fault of this manner of legislation—that of making an existing statute specially applicable to another statute without inserting it in the act—is now prevented by section 17 of article 3 of the consti-tution, adopted since the enactment of said chapter 810 of the Laws of 1871. The use of the Monroe county penitentiary for the pur-poses of county jails is provided for by chapter 289, Laws 1859, as amended by Laws 1874, c. 209, and Laws 1876, c. 108. The relator must therefore be remanded to the custody of the defendant.