petent as impeaching testimony. Its exclusion, therefore, deprived the plaintiff of evidence which may have been important.

The copy offered was competent, because the original, if full credit was to be given to the plaintiff's testimony, was in the possession of the defendant, thus rendering secondary proof of its contents admissible. The letter itself was the communication, and the fact the copy was retained by the plaintiff did not impart any privileged character to that copy. Its admissibility depended upon the competency of the letter mailed.

We have re-examined the questions involved in the decision of this court in Weston v. Weston, 68 App. Div. 483, 74 N. Y. Supp. 38, in the light of the authorities cited on the brief of the counsel for the appellant, but adhere to the conclusion then reached. The authorities cited in the opinion fully support the decision. The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial granted on questions of law only, with costs to the appellant to abide the event. All concur.

---

, (86 App. Div. 96.)

## In re FURNISS.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1903.)

1. DEATH OF EXECUTOR — ACCOUNT BY HIS EXECUTOR — JURISDICTION OF SURROGATE—JUDICIAL SETTLEMENT.

Under Code Civ. Proc. § 2606, as amended by Laws 1901, p. 1096, c. 409, providing that on the death of an executor the Surrogate's Court has the same jurisdiction to compel the executor of the decedent to account which it would have had against the decedent if his letters had been revoked, where all the parties interested in the estate were before the court in a proceeding instituted by the executors of a deceased executor for an accounting of his office, the surrogate had jurisdiction to turn the same into a judicial settlement.

2. SAME—ALLOWANCE FOR SERVICES—RESERVATION BY EXECUTOR.

Under Code Civ. Proc. § 2730, providing for an allowance by the surrogate of commissions for services to an executor on the settlement of his account, the allowance is to be made by the surrogate, and an executor cannot reserve the same to himself until the amount is ascertained in the manner provided by statute.

3. DECEDENT'S ESTATE—CLAIM OF EXECUTOR—ESTABLISHMENT.

The individual claim of an executor against his testator's estate must be established by legal evidence in the same manner as that of any other claimant.

4. SAME—CLAIM AGAINST ESTATE—EVIDENCE—SUFFICIENCY.

Evidence of a son of an executor that he had heard testatrix say that she would be able to repay executor and his wife for their support of her, if not before her death, then afterward, was insufficient to establish either a prior agreement or legal obligation on her part to pay for such services.

Appeal from Surrogate's Court, Seneca County.

In the matter of the judicial settlement of the account of John Furniss as one of the executors of Mary Ann Bostwick, deceased. From a decree settling the account, Jane Wight and others, legatees under the will of Mary Ann Bostwick, appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Henry E. Miller and Charles E. Opdyke, Jr., for appellants.
Frederick L. Manning, for respondents.

ADAMS, P. J.   This is a voluntary proceeding instituted by the executors of the last will and testament of John Furniss, deceased, who was one of two executors of the last will and testament of one Mary Ann Bostwick, deceased, for the judicial settlement of the account of their testator.   All the parties interested in the estate were before the court upon the accounting, and consequently under the provisions of section 2606 of the Code of Civil Procedure, as the same was amended in 1901 (Laws 1901, p. 1096, c. 409), the surrogate possessed jurisdiction to turn the same into a judicial settlement.   In other words, the court had precisely the same jurisdiction it would have had if the letters of the deceased executor had been revoked during his lifetime, and he had been called upon to deliver up the assets of the estate remaining in his hands.   Matter of Richmond, 63 App. Div. 488, 71 N. Y. Supp. 795.

The account rendered by the petitioners contained six items of disbursements to which the appellants Jane Wight and Ann Derby filed objections, while the remaining appellants filed objections to the same items, and also to the item of $2,000 paid by the executors to Jane Wight and Ann Derby.   This last-named sum was claimed to have been paid pursuant to the provisions of the will of Mrs. Bostwick, and at the time of such payment releases were executed by both of these legatees, each of whom subsequently sought by a suit in equity to have the same surrendered and delivered up upon the ground of fraud.   These suits were pending at the time of the accounting, and for that reason, probably, the item of $2,000 was not embraced in the findings of the acting surrogate.   The other items which were the subject of adjudication are as follows:

| | |
|---|---:|
| Commissions reserved to themselves by the executors............. | $  234 05 |
| Board and lodgings furnished to the testatrix by John Furniss..... | 1,470 00 |
| Care and attention furnished by Jane Furniss, wife of John Furniss | 111 78 |
| Paid I. Wellhauser for headstones................................ | 85 00 |
| "   John Furniss, expenses...................................... | 37 52 |
| "   for care of cemetery....................................... | 50 00 |

|  |  |
|---|---:|
| | $1,988 35 |

All of these items, with the exception of that of $37.52, paid "for expenses" by John Furniss, were allowed by the acting surrogate, and this appeal brings up for review the correctness of his decision respecting the same.

We think the evidence contained in the record is sufficient to justify the expenditure by the executors of the sum of $85 for headstones, and also the sum of $50 for the perpetual care of the cemetery lot in which the decedent was buried; but we are not prepared to acquiesce in the conclusion reached in the court below respecting the remaining items.

The allowance of commissions to an executor is a matter to be determined by the surrogate, and an executor had neither the power

nor the right to pay or reserve the same to himself until they had been
ascertained and allowed in the manner provided by statute. Code
Civ. Proc. § 2730; Wheelright v. Rhoades, 28 Hun, 57; In re But-
ler's Estate (Sur.) 9 N. Y. Supp. 641; In re Gerow's Estate (Sur.) 23
N. Y. Supp. 847. By the terms of the section of the Code above
referred to, such allowance is not to be made until the settlement of
the estate, for the executor may by his own misconduct in the
administration of the estate deprive himself of the right to the same.
However, in this case no such question is raised, and, inasmuch as the
amount reserved by the deceased executor is concededly no more
than he and his co-executor would have been entitled to had the
statute been literally followed, this item of the account could be
easily adjusted by charging his estate with interest upon the sum of
$234.05 from the time it was withdrawn from the estate of the testa-
trix, and we should feel inclined to make this disposition of it were it
not for the more serious objections raised concerning the two remain-
ing items.

Mrs. Bostwick was a sister of the deceased executor, John Furniss,
and it seems that some five or six years prior to her decease she took
up her residence with her brother and his wife, and from that time
down to her decease received such support, care, and attention from
both Mr. and Mrs. Furniss as might naturally be expected by a sister
under like circumstances. That she was a care and a burden to both
the brother and his wife is clearly established, for she was an elderly
woman, infirm in body, and addicted to the use of stimulants to such
an extent as to frequently deprive her of the power to care for her-
self; and in these circumstances the amount charged for her support
is probably no more than Mr. and Mrs. Furniss would have been
entitled to, if it could be said that they were entitled to anything.
Unfortunately, however, the evidence respecting these two claims
falls short, in our opinion, of satisfying the rule which requires that
the individual claim of an executor against his testator's estate must
be established by legal evidence in the same manner as that of any
other claimant. In re Arkenburgh, 58 App. Div. 583, 69 N. Y. Supp.
125. Indeed, it has been held that such a claim should be scrutinized
with even more care than one filed by an ordinary claimant. Kearney
v. McKeon, 85 N. Y. 136. The relationship existing between Mrs.
Bostwick and John Furniss and his wife created the presumption that
the services rendered in behalf of the former by her brother and sister
were in the nature of a gratuity, and we find nothing in the record
before us which can fairly be said to overcome that presumption. The
only evidence which even tends to establish an agreement to pay for
her board and care is that of the witness Frank Furniss, a son of
John Furniss, who testified that he heard his aunt say upon a certain
occasion, when she had come into the possession of some money, that
now she would be able to repay his father and mother for all that
they had done for her, "if not before she died, why, afterward." This
declaration certainly failed to establish either a prior agreement upon
her part to pay for such service or any legal obligation to pay for the
same in the future. Matter of O'Neill, 49 App. Div. 414, 63 N. Y.
Supp. 291. At the most it was but a recognition by her of a moral

obligation to make some return for the care and attention which had been bestowed upon her, and coming, as it did, from a son of the claimants, and purporting to furnish nothing more substantial than a vague recollection of a casual remark which had been dropped sometime before, it hardly satisfies the rule requiring satisfactory evidence of such a claim before it is allowed. In the Matter of Marcellus, 165 N. Y. 70, 76, 58 N. E. 796, it was said of a claim made by an administrator against the estate which he represented that "public policy required that his claim * * * should be established by very satisfactory evidence, and it was the plain duty of the surrogate, in the absence of such proof, to reject it." We think that, by reason of the very unsatisfactory evidence as to the legality of the claims of both Mr. and Mrs. Furniss which this case furnishes, they should not have been allowed by the surrogate, but, inasmuch as other and more satisfactory proof may be forthcoming, we shall remit the case to the Surrogate's Court for further proceeding.

Decree of Surrogate's Court affirmed as to the items of $85 and $50, and reversed as to the items of $234.05, $1,470, and $111.78, without costs of this appeal to either party, and case remitted to the advisable. All concur except SPRING and WILLIAMS, JJ., who dissent.