**1.** EXECUTORS AND ADMINISTRATORS ⚌502, 504(7)—ACCOUNT—ITEMS.

An objection to an item of an account for "miscellaneous expenses necessarily incurred in connection with the administration of the estate" is objectionable for failure to set forth the items making up the total stated, and an objection thereto will be sustained, with leave to file an amended account within five days, and leave to the party objecting to file objections thereto within eight days after notice of the filing of the amended account.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2149–2152, 2167;  Dec. Dig. ⚌502, 504(7).]

**2.** EXECUTORS AND ADMINISTRATORS ⚌501—ACCOUNT—COMPENSATION—ALLOWANCE.

Under Code Civ. Proc. § 2753, fixing the compensation of administrators, the allowance of commissions is a matter to be determined by the surrogate, and an administrator cannot pay or reserve to himself until the commissions have been ascertained in the manner provided by statute.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2072, 2140, 2142–2148;  Dec. Dig. ⚌501.]

**3.** EXECUTORS AND ADMINISTRATORS ⚌504(1)—ACCOUNT—OBJECTIONS.

An objection to a schedule of an administrator's account, stating the amount claimed as commissions, but not entered as a charge against the estate, must be overruled, in so far as it is made against an alleged charge.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2157, 2165;  Dec. Dig. ⚌504(1).]

**4.** EXECUTORS AND ADMINISTRATORS ⚌496(2)—COMPENSATION—AMOUNT—STATUTORY PROVISION.

Bronx County Act (Laws 1912, c. 548) § 3, authorizing the public administrator of that county to retain the same allowance for his services and expenses as are allowed to a county treasurer under Code Civ. Proc. § 2667, which section contains no reference to compensation of the county treasurer, is intended to refer to section 2668, authorizing the county treasurer, when appointed administrator, to retain double the fee allowed to administrators by section 2753.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2115, 2116;  Dec. Dig. ⚌496(2).]

**5.** EXECUTORS AND ADMINISTRATORS ⚌489—COMPENSATION—AMOUNT—STATUTORY PROVISION.

Bonx County Act, § 3, authorizing the public administrator to retain for his services and expenses the same allowance as that to a county treasurer under Code Civ. Proc. § 2668, which gives double commissions to a county treasurer when appointed administrator, is not affected by the revision of Code Civ. Proc. §§ 2472–2771, by Laws 1914, c. 443; repealing section 2668 and enacting section 2593, allowing only single fees to a county treasurer as administrator, in view of section 2771, providing that nothing in the chapter shall repeal or modify any existing law specially applying to any county, which is inconsistent with any section of the chapter.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2070;  Dec. Dig. ⚌489.]

⚌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. STATUTES ☞158—REPEAL—IMPLICATION.
      A repeal of a statute by implication is not favored by the courts, and
   they will not declare such a result, except in a case reasonably clear,
   and where all the conditions necessary to such a conclusion are present.
      [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 228; Dec. Dig.
   ☞158.]

Proceeding for the judicial settlement of the account of Ernest E.
L. Hammer, Public Administrator, as administrator of the estate of
Giovanni Molino. Objections to account sustained in part.

Ernest E. L. Hammer, of New York City, in pro. per.

Daly, Hoyt & Mason, of New York City, for respondent.

SCHULZ, S. The public administrator of the county of Bronx has
brought this proceeding for a judicial settlement of his account as ad-
ministrator of the goods, etc., of the decedent. The secretary and
chancellor of the consulate general of Italy at New York filed objec-
tions to two items; one set forth in schedule C of the account, and
stated to be for "miscellaneous expenses necessarily incurred in con-
nection with the administration of the estate," and the other contained
in schedule E of the account, as to which the objection is that it in-
cludes "a charge of $39.73 for administrator's commissions," and that
"this item is not a proper part of said account, and should be allowed
only by decree, and that in any event it is not the correct amount al-
lowable as administrator's commissions."

Upon the oral argument I gained the impression that, so far as the
objection to the item in schedule C was concerned, the petitioner and
respondent would agree before final submission to me. This, however,
has not been done, and in the memorandum submitted by the respond-
ent the objection is pressed. It is fair to assume that, if the objection
had been urged upon the argument, the administrator would have ap-
plied for leave to amend, which, under the circumstances, I would have
been inclined to grant.

[1] The credit claimed is objectionable in its present form, because
it does not set forth the items which make up the total there stated, so
as to enable the respondent to ascertain the necessity or reasonable-
ness of any specific expenditure. Matter of Jones, 1 Redf. Sur. 263.
This objection will therefore be sustained, with leave, however, to the
accounting party to file an amended account correcting the schedule
in question within five days from the date hereof, and with leave to
the respondent to file objections thereto, if he so desires, within eight
days after notice to him of the filing of such amended account. If an
amended account is not filed within the time fixed, the accounting ad-
ministrator will be surcharged with the amount thus objected to.

[2] Schedule E, embracing the item to which the second objection
relates, is alleged to contain a statement of all other facts affecting the
administration of the accountant and of his rights and those of others
interested therein. This schedule, among other averments, contains
the following:

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

"The total amount of the estate which has come into my hands is the sum of $397.31, and the commissions to which I am entitled as administrator amount to $39.73 "

—to which the objection referred to is made. The summary statement of the account shows that the administrator has not credited himself with the commissions. The law is well settled that the allowance of commissions to an administrator is a matter to be determined by the surrogate, and that an executor has neither the power nor the right to pay or reserve the same to himself until they have been ascertained and allowed in the manner provided by statute. Code Civ. Proc. § 2753; Matter of Furniss, 86 App. Div. 96, 83 N. Y. Supp. 530; Matter of Ziegler, 168 App. Div. 735, 154 N. Y. Supp. 652; Matter of Worthington, 141 N. Y. 9, 35 N. E. 929, 23 L. R. A. 97..

[3] The accountant, however, has not charged the estate with the item in question, and hence the objection must be overruled, in so far as it is made against an alleged charge. The statement, however, does allege the right of the accountant as administrator to the amount of commissions there stated, and, so far as the objection controverts that right, it should receive further consideration.

The contention of the respondent is that the amount of commissions to which the public administrator claims to be entitled, and which he will presumably urge should be awarded to him by the decree, is double the amount to which he is in fact entitled by law. It can readily be seen that a solution of this question is of importance, not so much because of the amount involved in this particular case, which is trivial, but by reason of the fact that a decision of the matter will in all likelihood affect a large number of estates which, from time to time, pass through the public administrator's office. As the question has now been raised in this proceeding, and would at all events have to be determined shortly when the decree is made, I can see no reason why I should avoid expressing my views in the matter at this time.

[4] The amount of commissions to which administrators in general are entitled is set forth in section 2753 of the Code of Civil Procedure. The commissions of the public administrator of Bronx county were fixed by the so-called Bronx County Act (Laws 1912, c. 548, § 3) as amended by Laws 1913, c. 825. This section, so far as material, provides as follows:

"He shall * ·* * receive and retain to himself the same allowance for his services and expenses incurred as are allowed to a county treasurer under section twenty-six hundred and sixty-seven of the Code of Civil Procedure."

An examination of section 2667 of the Code of Civil Procedure as it was at the time of this enactment discloses the fact that this section does not fix the amount of the allowance to which a county treasurer is entitled. Section 2668, however, does this, and it was doubtless the intention of the Legislature to refer in the statute to section 2668, and not to section 2667. Authority for this assumption is found in the opinion in People ex rel. McDonnell v. Prendergast, 167 App. Div. 140, 152 N. Y. Supp. 938, where the court says:

"There was no provision in section 2667 of the Code of Civil Procedure referred to in the statute, with respect to an allowance to a county treasurer for services and expenses; but section 2668 as it then existed (now Code Civ. Proc. § 2593, as amended by Laws 1914, c. 443) contains such a provision, and doubtless that is the section intended by the Legislature."

[5] Section 2668 of the Code referred to, so far as material, provided as follows:

"On receiving letters of administration the county treasurer shall be vested with all the powers and rights of other administrators, and subject to the same duties and obligations, except as herein otherwise provided. * * * He must be allowed on the settlement of his accounts for his expenses as other administrators, and for his services double the commissions allowed them by law."

By the recent revision of chapter 18 of the Code of Civil Procedure (Laws 1914, c. 443) section 2668 of the Code of Civil Procedure was repealed, and there was enacted section 2593, which, so far as material to this controversy, provides:

"A county treasurer appointed administrator of an estate shall * * * be allowed the same fees for his services as are now allowed by law to administrators. * * *"

The public administrator contends that under the provisions of the Bronx County Act he is entitled to double commissions, whereas the respondent claims that when section 2668 of the Code was repealed by the revision of 1914 the public administrator ceased to be entitled to double commissions, and that by the enactment of section 2593 he became entitled only to the commissions to which any other administrator is entitled.

When the Bronx County Act was passed it by reference adopted the provisions granting double commissions to the county treasurer and made them applicable to the public administrator of Bronx county. The effect was the same as though the provision for double commissions had been incorporated in the Bronx County Act and the latter must be read as though, instead of the words, "He shall receive and retain to himself the same allowance for his services and expenses incurred as are allowed to a county treasurer under section twenty-six hundred and sixty-seven (2668) of the Code of Civil Procedure," it contained the words, "He must be allowed on the settlement of his accounts for his expenses as other administrators and for his services double the commissions allowed them by law."

In my opinion no subsequent repeal of section 2668 could in any way affect the enactment contained in the Bronx County Act. If the language of the Bronx County Act had been to the effect that the compensation of the public administrator should be the same as that of county treasurers exercising the functions of administrators, there might be ground for the contention that this meant as such compensation might be fixed from time to time; but such was not the language employed. I believe the conclusion which I reach is supported by abundant authority. Suth. Stat. & Stat. Const. (2d Ed., Lewis) 787; Endlich, Interp. Stat. § 492; Dwarris, Stat. & Const. (Potter Ed.)

192; Knapp v. City of Brooklyn, 97 N. Y. 520; Matter of Alterg (Main Street), 98 N. Y. 454; Wick v. Fourth Plain & R. S. R. R. Co., 27 App. Div. 577, 50 N. Y. Supp. 479; Carling v. Purcell, 3 Misc. Rep. 55, 22 N. Y. Supp. 558; Matter of Leroy, 1 Con. Sur. 491, 5 N. Y. Supp. 555; People ex rel. Thompson v. Webster, 8 Misc. Rep. 133, 28 N. Y. Supp. 646.

[8] It is not contended that any act has been passed which in specific language repeals section 3 of the Bronx County Act above referred to; the contention being limited to the claim that this repeal was effected by the revision of chapter 18 of the Code. Laws 1914, c. 443. Section 2771 of the Code of Civil Procedure which sets forth the effect of chapter 18 of the Code as thus enacted specifically states that nothing in said chapter "shall repeal, amend or modify any existing law specially applying to any county, which is inconsistent with any section of this chapter," and the repealing clause of the statute in question contains no reference or allusion to the Bronx County Act or any part thereof. If, therefore, there has been a repeal or an amendment of any part of the Bronx County Act resulting from the passage of chapter 443 of the Laws of 1914, such repeal must be by implication. A repeal by implication, however, is not favored by the courts, and they will not declare such a result except in a case reasonably clear and where all the conditions necessary to such a conclusion are present. See note to People v. Wells, 94 App. Div. 271, 87 N. Y. Supp. 1107, collating a large number of cases in which this doctrine has been repeatedly enunciated by the courts.

If my conclusions are correct, it follows that the objection to the item in schedule E must be overruled also, in so far as it is directed to the amount of the commission to which the public administrator claims to be entitled. Settle decree in accordance herewith, upon the determination of the objection to the item in schedule C as indicated.

Decreed accordingly.