In the Matter of the Judicial Settlement of the Account of Proceedings of the EQUITABLE TRUST COMPANY OF NEW YORK, as Temporary Administrator, etc., and as Executor, etc., of ELLEN KING, Deceased.

Surrogate's Court, New York County, October, 1923.

**Executors and administrators — rate of commissions — increase in rates applicable to all estates settled after September 1, 1923.**

Section 285 of the Surrogate's Court Act, as amended by chapter 649 of the Laws of 1923, in effect September 1, 1923, governs the rate of commissions to be allowed to an executor upon his accounting, no matter when the proceeding was begun.

PROCEEDING to settle accounts.

*Beekman, Menken & Griscom* (*Ralph S. Wolcott* and *William L. Bainton,* of counsel), for the Equitable Trust Company of New York.

*House, Grossman & Vorhaus* (*David Vorhaus,* of counsel), for general guardian.

*Charles Siegel Levy,* special guardian.

FOLEY, S. Upon the settlement of the decree in this accounting proceeding, a question has arisen as to the amount of commissions to be allowed to the executor. The proceeding was begun in the month of March, 1923, and the decree now awaits signature. The legislature, during the session of 1923, by chapter 649, amended section 285 of the Surrogate's Court Act and materially increased the rates of commissions allowable to executors and other representatives of estates. This act took effect September 1, 1923. The new rates are as follows:

" For receiving and paying out all sums of money not exceeding *two* [formerly one] thousand dollars, at the rate of five per centum.

" For receiving and paying out any additional sums not amounting to more than *twenty* thousand dollars, at the rate of *two and one-half* per centum.

" For receiving and paying out any additional sums not exceed⸗

MATTER OF ELLEN KING. **531**

Misc. 530]     Surrogate's Court, New York County, October, 1923.

ing *twenty-eight* thousand dollars at the rate of *one and one-half* per centum.

" For all sums above *fifty* thousand dollars, at the rate of *two* per centum."

The general guardian of one of the infant beneficiaries contends that commissions should be fixed in the decree in accordance with the rates contained in section 285 as it existed prior to this amendment. I am of the opinion that the executor is entitled to commissions at the higher rates fixed by the amended law. Ordinarily, no right to commissions accrues and they are not payable until judicially allowed by the surrogate in the decree settling the account. Jessup-Redf. Surr. 1445; *Matter of Furniss*, 86 App. Div. 96. Section 285 of the Surrogate's Court Act provides that *on the settlement of the account* the surrogate must allow to the executor, or other representative, compensation for his services in accordance with the rates set forth therein. This direction is subject to the discretionary powers of the surrogate to reduce the award where the representative has died or resigned before the administration of the estate has been completed; or to refuse any compensation for misconduct or malfeasance. Under the provisions of the Surrogate's Court Act an account is finally settled by the decree of the surrogate. §§ 78, 267, 274, 314, subd. 8. The time of the making of the decree is, therefore, the determining date, and the law then in existence governs the amount to be allowed to the representative. Ample authority for this ruling is found in numerous decisions, particularly *Naylor* v. *Gale*, 73 Hun, 53, 55; *Dakin* v. *Demming*, 6 Paige, 95; *Matter of Harris*, 4 Dem. 463; *Matter of Naylor*, 164 N. Y. Supp. 462; *Matter of Potter*, 106 Misc. Rep. 113; *Whitehead* v. *Draper*, 132 App. Div. 799; *Matter of Keane*, 97 Misc. Rep. 213; *Robertson* v. *De Brulatour*, 188 N. Y. 301; Heaton Surr. (4th ed.) 653. More recent authority may be found in *Matter of Bearns*, 188 App. Div. 215, and in *Matter of Barker*, 230 N. Y. 364, 372, where it was held that trustees were entitled to commissions by a decree made after the amendment to former section 2753 of the Code of Civil Procedure (now section 285 of the Surrogate's Court Act) by chapter 596 of the Laws of 1916, upon real estate received by them before the statute became effective.

In his learned opinion in *Matter of Potter*, *supra*, Surrogate Ketcham reviews the history of commissions and the development of the ruling applied here. He points out that statutory regulation of commissions is procedural and remedial in its nature and that changes from time to time by the legislature are retroactive in their effect without offending against constitutional restrictions.

When the legislature enacted the recent amendment it had knowledge of this established rule of law and it made no exception as to pending proceedings or estates of decedents who died before the measure took effect.

Under these circumstances it is immaterial when the accounting proceeding is begun and in all decrees judicially settling accounts after September 1, 1923, commissions are allowable to representatives at the increased rates in effect since that date. Decree signed.

Decreed accordingly.