KATE L. NORRIS, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— Action to recover damages for personal injuries suffered by the plaintiff when she slipped on a patch of ice on the step of the defendant's car and fell to the street. The plaintiff recovered a judgment and defendant appeals. Judgment reversed on the facts and a new trial granted, with costs to appellant to abide the event, on the ground that the verdict is against the weight of the evidence. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

ANNA PINKIERT, Respondent, Appellant, v. MAX PINKIERT, Individually and as Trustee under Trust Agreement Dated the 11th Day of August, 1930, Appellant, Respondent.— Consolidated appeals (1) by respondent-appellant, alleged judgment creditor, from an order denying her motion for an execution against the person of appellant-respondent, alleged judgment debtor, and (2) by appellant-respondent from so much of a judgment entered in the same office as (a) fixed appellant-respondent's commissions as trustee at $367.67, and (b) allowed respondent-appellant's claim against him for $135.51 as interest upon the alleged difference between commissions due him at the end of each year and certain amounts paid by him as trustee to himself individually for the management of the trust property. Appellant-respondent appeals also (c) from an order alleged to have been entered denying his motion for resettlement of the judgment. On appeal by respondent-appellant, order denying her motion for execution against the person of appellant-respondent affirmed, with ten dollars costs and disbursements. On appeal by appellant-respondent from the judgment fixing his commissions, judgment, in so far as appealed from, modified by striking therefrom the award of costs and disbursements to respondent-appellant and the allowance to her of $135.51 as interest; and by awarding appellant-respondent commissions in the amount of $1,003.02 together with costs and disbursements. As so modified, the judgment, in so far as appealed from, is unanimously affirmed, with costs to appellant-respondent. Appeal from order denying motion for resettlement of judgment dismissed without costs. There is no such order in the record. The commissions to which appellant-respondent was entitled, as matter of law and not in the exercise of discretion, included an item of $635.35, disallowed by the court below, which represented five per cent of the rents collected by appellant-respondent. (Civ. Prac. Act, § 1548, subd. 8; *Matter of King*, 121 Misc. 530, and cases there cited; *Matter of Bearns*, 188 App. Div. 215.) On the account as properly stated, the charge against appellant-respondent on which respondent-appellant was allowed interest of $135.51 is non-existent, and there is actually a balance in appellant-respondent's favor of $103.27. Respondent-appellant, therefore, is not entitled to an execution against either the property or the person of appellant-respondent. We do not approve the taking by a fiduciary of sums on account of commissions in advance of their allowance by the court. Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ. Settle order on notice.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD BRIDGES, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting defendant of the crime of violating section 986 of the Penal Law (bookmaking), unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.