IN THE MATTER OF THE PETITION OF THE TRUSTEES OF THE NEW YORK AND BROOKLYN BRIDGE TO ACQUIRE TITLE TO REAL ESTATE.

In construing a statute effect must be given, if practicable, to all of the language employed, and inconsistent expressions are to be harmonized if possible to reach the real intent of the Legislature.

The act of 1877 (chap. 165, Laws of 1877), entitled "an act to authorize the trustees of the New York and Brooklyn Bridge to change the site of a portion of Frankfort street, between Pearl and Jacob streets, in the city of New York;" authorizes the bridge company to take a strip of land adjoining the south line of the bridge, "extending from Pearl to Cliff streets, * * of the same width as Frankfort, between these streets, and not less than fifty-two feet six inches in width, and also a triangular piece of land bounded by Cliff street, Frankfort street, and a straight line drawn in continuation of the southerly line of said strip of land to the southerly side of Frankfort street, near Jacob street." In proceedings to condemn lands under the act, it appeared that Frankfort street was but about thirty-five feet in width; also, that if a strip of land fifty-two feet six inches wide was taken, a line in continuation of the southerly line thereof would cross and extend a short distance beyond Jacob street, *held* (FOLGER, J., dissenting), that the words "of the same width as Frankfort street" were not controlling; but that the statute could be construed so as to give effect to all of its provisions; that the words "of the same width" were to be construed as if the words used were "as wide as," and the statute as meaning that the new street should be fifty-two feet six inches wide, unless the old street is wider, in which case it shall be as wide as the old one.

Also, *held,* that the act as thus construed was not repugnant to the constitutional provision declaring that a local bill shall embrace but one subject, and that shall be expressed in the title (Const., art. 6, § 16).

Also, *held,* that the fact that the provisions of the act extended the line a few feet beyond Jacob street did not constitute another subject.

APPEAL from order of the General Term of the Supreme Court in the first judicial department, reversing an order of Special Term appointing commissioners in proceedings to condemn land for the use specified in the act chapter 165, Laws of 1877.

The trustees proposed to take a strip of land fifty-two feet six inches wide. Henry A. Burr, one of the land-owners, answered the petition, claiming in substance that the act only authorized the taking of a strip of the width of Franklin street, which was thirty-five feet, also that the act was in violation of section sixteen of article six of the State Constitution.

*Edgar M. Cullen*, for appellants. In the construction of a statute, the proviso must always prevail, even though it should render nugatory the whole of the act. (Potter's Dwar. on Stat., 118.) Statutes granting the exercise of eminent domain are not to be construed so literally or so strictly as to defeat the evident purpose of the Legislature. (*N. Y. and H. R. R. R. Co.* v. *Kip*, 46 N. Y., 55.) If the act of 1877 (chap. 165) is local, its title expresses its subject. (*People* v. *Lawrence*, 41 N. Y., 137; *People* v. *Comm'rs of Taxes*, 47 id., 501; *People* v. *City of Rochester*, 50 id., 525; *People* v. *Briggs*, id., 554, 565; *In re Mayer*, id., 506; *In re Van Antwerp*, 56 id., 261.)

*Edward N. Dickerson*, for respondent. The definition by the Legislature of what is necessary for a public use must be free from doubt or ambiguity, and nothing can be done under it, except in strict compliance with its terms. (43 N. Y., 146; 46 id., 114, 551.) If the act has the construction claimed for it, then it is unconstitutional. (Const., art. 3, § 16; 35 N. Y., 449; 53 Barb., 71.)

CHURCH, Ch. J. This is a proceeding to condemn land by the bridge company, to be used as a public street, in lieu of Frankfort street, which had, to a certain extent, been

appropriated in constructing approaches to the bridge.    In
this case the Legislature itself has declared the necessity for
taking the land for the use specified in the act (chap. 165,
Laws of 1877), and it is not disputed that such use is a pub-
lic one, and hence there can be no question of power urged
against the application.    (*People ex rel. Herrick* v. *Smith*, 21
N. Y., 595.)    The only point presented for our consideration
is to determine the quantity of land authorized by the act to
be taken, and this depends upon the construction to be given
to it.    The material portion of the act relating to this question
authorizes the bridge company to take "a strip of land adjoin-
ing the southerly line of said bridge, as the same is located,
extending from Pearl to Cliff street, in the city of New York,
of the same width as Frankfort street, between those streets,
and not less than fifty-two feet and six inches in width, and
also a triangular piece of land bounded by Cliff street, Frank-
fort street, and a straight line drawn in continuation of the
southerly line of said strip of land to the southerly side of
Frankfort street, near Jacob street."

The width between Pearl and Cliff street determines the
extent of the second or triangular piece, as the southerly
line of the former is to be continued in a straight line, until
it intersects Frankfort street.    It seems that Frankfort street
was only thirty-five feet wide, and the defendant claims that
the new street can be no wider, and that the words " of the
same width as Frankfort street" are controlling ; while the
petitioners insist that the words " and not less than fifty-two
feet and six inches in width " are controlling, and that the
new street must be of that width, although Frankfort street
had less width.    The rules for the construction of statutes
are substantially the same as for the construction of contracts
and other written instruments.    The intention is to be de-
duced from a view of the whole statute, and that intention
when ascertained will always prevail over the literal sense of
the terms.    (1 Kent Com., 462.)    Statutes should be read
according to the natural and most obvious import of the lan-
guage, without resorting to artificial or forced constructions,

for the purpose of either limiting or extending their opera-
tion. (*Waller* v. *Harris*, 20 Wend., 561.) If practicable,
effect must be given to all the language employed, and incon-
sistent expressions are to be harmonized to reach the real
intent of the Legislature.

I am unable to concur with the learned judge who delivered
the opinion of the court below, in the construction of this
statute, that the words "of the same width as Frankfort
street" are controlling, and that the act confers no authority
to take land beyond that width. The most certain, and if
not the only certain, description in the act is the requirement
that the street shall not be less than fifty-two feet and six
inches wide, and yet the construction claimed would reject
these words and expunge them from the statute. The mea-
surement was fixed by the Legislature with mathematical pre-
cision, to the fraction of a foot, in unambiguous language, as
to which there is no room for construction. I am not aware
of any principle which will justify a court in rejecting such
a material portion of a statute, and thus thwarting the plain
and manifest intent of the Legislature. If either description
must be rejected, that which is uncertain must yield to that
which is certain.

The actual width of Franklin street may have been involved
in doubt for many reasons. The act assumes that it is uncer-
tain or unknown to the Legislature. The new street must
be fifty-two feet and six inches wide, and wider, if Frankfort
street is wider. From this it is plainly inferable that the
Legislature was ignorant of the precise width of that street,
and that they fixed the minimum width of the new street for
that reason; and yet it is proposed to strike out what is
unmistakably expressed and perfectly certain, for that which,
from its nature, is uncertain, and which the Legislature
treated as uncertain and unknown.

The witness called to prove the width of Frankfort
street speaks of it as "about thirty-five feet." Besides
the clause requiring the new street to be fifty-two and a half
feet is in the nature of a proviso, which always prevails over

the general purview. (Potter's Dwar., 118, etc.) But there is no occasion for expunging any portion of this statute. The expressions are inapt, and taken literally incongruous, but are capable of a construction which will give effect to all of them in accordance with what seems to me the real purpose of the Legislature. That purpose was, that the new street should be at least fifty-two feet and six inches wide, and wider if the old street was wider. The words, "of the same width," should be construed as though the words used were "as wide as." The statute would then declare that the new street should be as wide as the old street, but not less than the width specified. If these words had been used no one would have supposed that the new street could be less than the feet and inches specified, and in substance they are equivalent words. The meaning of the statute could scarcely have been more plain, if it had declared, in words, that the new street shall be fifty-two feet and six inches wide, unless the old street is wider than that, in which case it shall be as wide as the old street. This reading is so patent to my mind that no other construction is admissible within any known rules of interpretation.

It is urged that thirty-five feet was sufficient for the new street, and that it must be presumed that the Legislature intended to provide for a street of the same width only of the old street. We are not justified in speculating about the necessity of a street wider than thirty-five feet, but we know that that width makes a very narrow street, and one scarcely sufficient for public use, and it may well be that the Legislature in making a new street deemed it proper to require one more commodious and more in conformity with those of modern structure, and we cannot say that a street somewhat wider than the old one was not absolutely needed in the new location under the massive walls of the approaches to the bridge, and at all events vague and doubtful presumptions must yield to positive expressions. It is claimed that other portions of the description support the construction contended for by the defendant. The act calls for land in a

triangular form, and to run the line until it strikes Frankfort street on the fifty-two feet and six inches basis, stopping at Jacob street, would take a piece in form quadrilateral, or if continued beyond Jacob street to Frankfort street, would take two pieces of land. It matters not how many pieces of land are taken, or how many owners there are of the land described. The description in the act is necessarily a triangle, with three sides specified, viz.: Cliff and Frankfort street, and the continued southerly line. These lines describe a triangle, and the form is properly designated as triangular. The circumstance that it takes one piece of land only belonging to the defendant, and clips a trifle from the block west of Jacob street, does not tend to show that the land described in the act is not triangular in form.

Stress is laid upon the title of the act, which describes the change of site of Frankfort street to be between Pearl and Jacob streets. The line described in the act crosses Jacob street, and cuts off a small corner of the next block, probably (judging from the map), about three feet at the base, and running out to Frankfort street at about fourteen feet. There is nothing in the act itself limiting the change to Jacob street, and the title is no part of the act, and has no controlling effect upon its provisions. It may, in some doubtful cases, be referred to as a circumstance in determining the intention of the Legislature, but never can be to change or impair the provisions of an act. (1 Kent's Com., 460–461.) But the title, if given full effect, does not aid the defendant's construction. That provides for a change of site between Pearl and Jacob streets; while the line claimed by him would not produce that result by nearly half a block. Another description is, that the continued line must intersect Frankfort street " near " Jacob street. This would be true, if the petitioner's construction is adopted; it would be about fourteen feet from Jacob street, but not true upon the other construction, as it would be, as before stated, nearly half a block from Jacob street. These circumstances are not decisive either way, but they tend to con-

firm the construction here indicated rather than that claimed by the defendant.

A further point was suggested that as the title of the act described the change of site of Frankfort street, as stopping at Jacob street, the provisions of the act extending the line a few feet west of Jacob street constituted another subject not embraced in the title, and rendered the act unconstitutional. This point is not tenable. It is sufficient if the title expresses substantially the subject. It is not necessary that the most perfect expression should be adopted. The object of the requirement of the Constitution is that legislators and the public may be informed by the title of the general nature of provisions proposed to be enacted, and to prevent deception. The purpose of this act is fairly expressed in the title, which was to authorize the bridge company to take land for changing the site of Frankfort street between the specified streets, and the circumstance that the line adopted extends a few feet beyond one of the streets does not make a new subject within the most technical view which has ever been taken of this somewhat ambiguous clause of the Constitution. The learned counsel for the defendant intimated on the argument that there were private interests to be subserved by the provisions of this act. We can only say in answer to this suggestion that we have no means of determining whether this is so or not, and if we had, we have no power of relieving against it. We must take the statute as we find it, and construe it according to established rules. It was also urged that the construction indicated by the foregoing views would give the bridge company authority to take an unlimited quantity of land, and that they might make the street one hundred or more feet wide. The answer to this in the first place is, that the question is not before us of the power of the company to take beyond fifty-two and a half feet; but if it was the views before expressed, as to the construction of the act, would prevent an appropriation beyond that limit unless Frankfort street was wider.

It follows that the order of the General Term must be reversed, and that of the Special Term affirmed.

All concur for reversal except Folger, J., dissenting.

Order of General Term reversed, and that of Special Term affirmed.