THE PEOPLE OF THE STATE OF NEW YORK EX REL.
DAVID R. BOLSTER v. STEPHEN B. FRENCH AND
OTHERS, COMMISSIONERS OF POLICE, ETC., DEFENDANTS.

*Retirement of patrolmen from the police force of the city of New York — section 307
of the consolidation act, as amended by chapter 364 of 1885 — it does not require the
service of twenty years to be continuous.*

Upon the hearing of an application made by the relator, under the authority of
section 307 of the consolidation act (chap. 410 of 1882), as amended by chapter 364
of 1885, to be retired from service as a policeman, on the ground that he had
performed duty as a member of the police force for a period of twenty years and
upwards, it appeared that he was first appointed a patrolman on February 8, 1866,

and resigned on September 1, 1868; that he was reappointed on October 13, 1869, and has since that time served continuously as a member of the force.

*Held,* that the board of police commissioners erred in denying the application, upon the ground that he had not served continuously as a member of the force for the period of twenty years, as section 307, as amended by the act of 1885, did not require that the service should be continuous.

That the applicant was entitled to have the board consider, as one of his terms of service, the period during which he was employed as a member of the metropolitan police force, before he resigned, in September, 1868, and to add that period to his time of service as a member of that force, and of the present police system, since the 13th day of October, 1869.

That the fact that he had served for the period of twenty years did not require, but only authorized, the board to retire him by a majority vote of the full board of commissioners.

Case submitted on an agreed state of facts pursuant to section 1279 of the Code of Civil Procedure.

*J. E. Eustis,* for the relator.

*John J. Townsend, Jr.,* for the defendant.

Daniels, J.:

The relator applied to the defendants under the authority of section 307 of the consolidation act (chap. 410 of 1882) as it has been amended by chapter 364 of the Laws of 1885, to be retired from service as a policeman upon a compensation of not less than one-half his full salary on the ground that he had performed duty as a member of the police force for a period of twenty years and upwards. He was first appointed a patrolman on the 8th of February, 1866, and resigned on the 1st of September, 1868, and he was reappointed on the 13th of October, 1869, since which time he served continuously as a member of the force. His application to be retired was denied by the board of police commissioners for the sole reason that he had not served continuously as a member of the force for the period of twenty years, and the point presented for the determination of the court is whether this was necessary to authorize them favorably to dispose of his application. When he was first appointed as a member of the police force it was organized and acted under the authority of the act passed April 15, 1857, creating a metropolitan police district and a board of officers for such district.

This act seems to have continued in force until the enactment of chapter 137 of the Laws of 1870, when it was so far repealed by section 120 of said act as to relieve the city of New York from the provisions thereof. Before this repeal the relator had been reinstated as a member of that police force, and by section 47 of the act of 1870 it was provided that every person connected with the metropolitan police department at the time this act took effect, and designated to do duty in the city of New York, except as otherwise ordered, should continue in office and be transferred by operation of the act to the police department thereby created for the city of New York. And under that authority it is to be presumed that the relator became a member of the police force of the city, and continued to serve in that capacity until his application for retirement was made. These are essential facts to be considered in the determination of this case. For it has been provided by section 307 of the consolidation act, as it was amended by the act of 1885, that "in determining the terms of service of any member of the police force, service in the late municipal and metropolitan force, and subsequently in the police force of the city of New York shall be counted and held to be service in the police force of the city of New York, for all purposes of this chapter." This part of the section discloses an intention of the law to be, when a portion of the service has been rendered by the applicant as a member of the metropolitan police force, that a continuous term of service for the period of twenty years, was not designed to be required on behalf of the applicant for retirement. For by this part of the section the twenty years service may be made up of "terms of service," part of which may have been served in the metropolitan police force, and the residue in the police force of the city of New York. It is not required or directed that it shall be one continuous term of service, but that the time may be made up of "terms of service." And this language seems to have been selected for the purpose of providing for a case of this description. For it was apparently made use of to effect a change in the enactment of chapter 389 of the Laws of 1878, which by section 7 contemplated one term of service, even though a portion of it might have been under the organization of the metropolitan police department. To render this more flexible than it was used in the act of 1878, it was provided by

section 8 of chapter 330 of the Laws of 1882, that " terms of service " might be considered and included to make up the twenty years, when a portion of the time had been served by the applicant as a member of the metropolitan police force. And that enactment was in the same manner continued by section 307 as amended by chapter 180 of the Laws of 1884, and it has since been so continued by the same section as amended by chapter 364 of the Laws of 1885. From the use of these words " terms of service " it is quite manifest where a portion of the period of twenty years has been served in the metropolitan police force, that a continuous period of service of twenty years has not been required to entitle the applicant to be. retired on a compensation of half the amount of his annual salary. But what the law has provided for by these words " terms of service," is to include so much of the time as the applicant may have served under the board of metropolitan police with the time that he has served as a member of the police force of the city created by the act of 1870, to make up the period of twenty years. The language made use of for that purpose has not required a continued or uninterrupted term of service, but it has permitted terms of service, and that will be fully satisfied by an interruption in the continuity of service, such as exists in the case of this applicant.

To determine the effect of this legislation the rule of construction may well be followed that " statutes should be read according to the natural and most obvious import of the language without resorting to a forced construction for the purpose of either limiting or extending their operation." (*Matter of New York & Brooklyn Bridge,* 72 N. Y., 527, 529, 530.)

No reason appears for applying any different rule of construction to the language of this section of the act of 1885. And when the language is plain and unequivocal as this is, and no reason appears for diverting it or restraining it from its ordinary and popular sense, that signification should be given to it in construing and applying it. And under that construction the applicant was entitled to have the board consider as one of his terms of service, the period during which he was employed as a member of the metropolitan police force, before he resigned in September, 1868, and to add that period to his service as a member of that force, and of the present police system, since the 13th of October, 1869.

By adding these terms together, as the relator is entitled to have that done, he has served as a member of the police force a sufficient length of time to empower the board of police commissioners to retire him pursuant to his application. But to obtain that retirement the section of the act of 1885 which has been mentioned requires a majority vote of the full board of commissioners in his favor. Prior to this enactment, and by the same section in the act of 1884, a unanimous vote was rendered necessary. But neither under the present law, nor any preceding law, does the relator appear to be entitled to be retired unless he can obtain a favorable vote of a majority of the board sustaining the application. The law has not declared that the board shall retire him, for the reason that he has performed service for these terms amounting to more than twenty years, but it has permitted him to apply to the board to be so retired· But to authorize his retirement in fact, this vote has been prescribed. It has not been directed by the law that the commissioners or a majority of them shall vote in favor of his retirement. They have been invested with authority to do so, and as long as they have not been required, or directed to vote for the retirement, they are at liberty to vote in favor of or against his application. The effect of the law is to invest the board with this discretion, and if they consider, under all the circumstances, that it should not be exercised in favor of the relator, then he cannot be retired in this manner under the provisions of the law. The board did not consider whether their power was either discretionary or mandatory, but they denied the application on the ground that he had not served twenty years continuously as a member of the police force. In this, under the act, they are in error. As it has been framed, under the circumstances affecting the relator's service, they should have acted upon his application, but how they are to act, and whether they shall sustain, or reject it, is a matter committed alone to a majority of the board. The relator is entitled to a judgment requiring such action on their part, but not directing them to vote either for or against the application. How they shall deposit their votes, the law has confided alone to themselves. What he is entitled to on the case submitted is, that the commissioners shall proceed to consider and act upon his application, on the ground that he has already served for the time entitling him to bring this application before them for their con-

sideration and judgment to that effect upon the case submitted should be without costs.

Van Brunt, P. J., and Bartlett, J., concurred.

Judgment ordered as directed in opinion without costs.