46   509
40ap162

CHARLES R. HENDERSON, AS EXECUTOR, ETC., OF JOHN C. HENDERSON, DECEASED, RESPONDENT, *v.* JOHN C. HENDERSON AND OTHERS, APPELLANTS, AND FRANCIS C. TRAVERS AND OTHERS, RESPONDENTS.

*Power given to an executor to make partition of the residuary estate — when void as unlawfully suspending the absolute ownership of personal property—when void for violating the provisions of the statute, as to contingent remainders created on a term for years.*

By the residuary clause of his will the testator authorized, empowered and directed his executor to partition, divide and apportion all the rest, residue and remainder of his estate, both real and personal, equally among all his children living at the time of such partition and division, and the child or children of such as might then be dead, leaving issue (the latter to take the share their parent would have taken if living). He also directed his executor to assign, transfer, set over and deliver to such of the said children the share of personalty so apportioned, and to make, execute and deliver to each good and sufficient deeds of conveyance of the real estate so apportioned to each in fee simple, and gave, devised and bequeathed to each of his said children the share or portion of his said estate so to be parti-

tioned and apportioned to them, respectively, "provided, nevertheless, that if any of my children shall die without issue before such partition and division shall be made, then I give the portion of such deceased child equally to the brother and sisters of such deceased child; and provided, further, that if any of my said children shall die leaving issue, then *the child or children, who shall be living at the time of such partition* of such deceased child of mine, shall take and have the share or portion which the parent would have taken if living."

"The executor was to make the partition, division and apportionment as soon after the testator's death as might be practicable, having reference to the condition of the estate, but could not be compelled to make it until after the lapse of five years from the date of the probate of the will. He was authorized to take charge of the estate, real and personal, to sell any or all of it, convert realty into personalty, and to invest and reinvest and erect and repair buildings.

*Held*, that the validity of the clause was to be determined by the legality of the ultimate disposition of the *corpus* of the estate for which the power of partition and division was given.

"That, as the share of a child dying before the partition, leaving issue, was given to those only of such issue who should be living at the time the partition was made, and the interest of each of such issue was liable to be divested by his death prior to that event the absolute ownership of the personal property was unlawfully suspended in violation of the provisions of section 1 of 1 Revised Statutes, 773.

That the ultimate disposition of the real estate was also illegal as in violation of the same provision, and also of section 20 of 1 Revised Statutes, 724, providing that a contingent remainder should not be created on a term of years, unless the nature of the contingency on which it is limited be such that the remainder must vest in interest during the continuance of not more than two lives in being, at the creation of such remainder, or upon the termination thereof.

*Robert* v. *Corning* (89 N. Y., 225) distinguished.

APPEAL from a judgment construing the will of John C. Henderson, deceased, entered in Kings county upon the trial of this action by the court without a jury.

*Hooper C. Van Vorst, William N. Dykman, Francis Forbes* and *Charles H. Daniels,* for John C. Henderson, appellant.

*S. F. Rawson,* for plaintiff, respondent.

*James P. Campbell,* for the defendants and respondents Francis C. Travers and Vincent P. Travers.

*Julian T. Davies* and *Edward S. Rapallo,* for those of the children of John C. Henderson, deceased, who were defendants and respondents.

Cullen, J.:

This action is to construe the will of John C. Henderson. The questions to be determined, arise as to the validity of the provisions concerning the residuary estate. These provisions are remarkably similar to those of the will passed on by the Court of Appeals in *Robert* v. *Corning* (89 N. Y., 225).

The sixth clause of the will is as follows: " Sixth. All the rest, residue and remainder of my estate, both real and personal, and wheresoever situated, I hereby authorize, empower and direct my executor to partition, divide and apportion equally among all my children living at the time of making such partition and division, and the child or children of such of my children as may then be dead, leaving issue (the latter to take the share their parent would have taken if living) and I direct my executor to assign, transfer, set over and deliver to such of my said children (including executor of this will) the shares of personality so apportioned, and also to make, execute, acknowledge and deliver to each of my said children (including the executor of this will) good and sufficient deeds of conveyance of the real estate so apportioned to each in fee simple. * * * And I do hereby give, devise and bequeath to each of my said children, the share or portion of my said estate so to be partitioned, divided and apportioned to them respectively, as aforesaid. Provided, nevertheless, that if any of my children shall die without issue, before such partition and division shall be made, then I give the portion of such deceased child equally to the brothers and sisters of such deceased child. And provided further, that if any of my said children shall die leaving issue, then the child or children who shall be living at the time of such partition of such deceased child of mine shall take and have the share or portion which the parent would have taken if living. * * * It is my will that my executor make the partition, division and apportionment aforesaid, as soon after my decease as may be practicable, having reference to the condition of my estate, but as he may find it necessary to realize upon the securities and sell and convert into money, both real and personal property, and make other changes in my estate in order to make equitable and proper partition, and which he may not be able speedily to make without sacrifice and loss to my estate, he shall not be compelled to make such partition, division and apportionment

until after the lapse of five years from the date of probate of this will."

The ninth clause directs the executor to pay to the testator's children the sum of $2,400 annually until the partition and division of the estate.

The tenth clause authorizes the executor to take entire charge and control of the estate, real and personal; to sell any or all of it; to convert realty into personalty; to lease the real estate and to collect rents and profits; to invest and reinvest, and to erect and repair buildings. In case of a sale other than the partition and division it is provided that the proceeds of the sale shall be substituted in place of the lands sold. The court of Special Term held these provisions legal, and that a valid power and trust was created as to the realty, and a valid trust as to the personalty. From this decision the defendants appealed.

The case of *Robert* v. *Corning* (*supra*) is a direct authority to the effect that even if the will created a trust in the executor, that fact alone would not create a suspension of the power of alienation, since the executor may at any time, without waiting the five years, convey a good title to the land by sale, or by the partition and division among the devisees. The validity of these testamentary dispositions we think is, therefore, to be determined by a question of the legality of the ultimate disposition of the corpus of the estate for which the power of partition and division is given.

In the commencement of the sixth clause the testator directs the partition between his children living at the time of the partition and the issue of such as might be deceased. If the will, as far as relates to this subject, ceased here, the case would be exactly similar to that of *Robert* v. *Corning*. But in the direct devise to them found subsequently in the clause "it is expressly provided that if any of the children should die, leaving issue, then the child or children of such deceased child, who shall be living at the time of such partition, shall take the share or portion which the parent would have taken if living." This proviso must prevail over any previous declaration in the will. (*Matter of the New York and Brooklyn Bridge*, 72 N. Y., 527.) That such partition is the actual partition of his property directed to be made by his executor is unquestionable. Therefore, if a child of the testator should die before

the partition, leaving issue, the survivors of such issue at the time of distribution alone, would take the parent's share. The interest of each of such issue of a deceased child would consequently be liable to be divested by his death prior to the partition, at least if there were surviving issue. The Revised Statutes provide (1 R. S., 773, § 1) that the absolute ownership of personal property shall not be suspended by any limitation or condition whatever for more than two lives in being at the date of the instrument or death of the testator.

In the case suggested, the death of the child before a distribution, leaving issue, none of such issue could be said to have the absolute ownership. This is the vital distinction between this case and that of *Robert* v. *Corning*. There the direction was in the case of the death of any child of the testator before distribution, leaving issue, to pay over the share to such issue upon the distribution. It was held that in that case the share vested absolutely in the issue, the time of enjoyment being merely postponed, and that hence, the absolute ownership could, in no event, be suspended longer than the life of the parent. This is not so in this case. We are of the opinion, therefore, that the power to distribute personal estate as provided in the will, works no unlawful suspension of the property.

We think, also, that this ultimate disposition of the property is illegal as to the real estate. In addition to the provisions of the Revised Statutes, that the absolute power of alienation shall not be suspended for more than two lives in being, it is further provided (§ 20, p. 724), that "a contingent remainder shall not be created on a term of years, unless the nature of the contingency on which it is limited, be such that the remainder must vest in interest, during the continuance of not more than two lives in being at the creation of such remainder, or upon the termination thereof." We think that the time that may elapse before the partition and distribution of the estate, is to be considered as a term of years as distinguished from an estate for life. The estate given the children of a deceased child is contingent upon such children surviving at the time of the partition. It is, therefore, a contingent remainder. It does not vest till the time of such partition, which may not be within two lives in being, or the termination thereof. Thus the absolute ownership of the real estate may be suspended for more than two lives in

being. Though there is not an express prohibition against such suspension as to the reality, to be found in the statute in the same terms as that against the suspension of ownership of personal property, still the effect of these prohibitions has always been regarded as the same in respect to both classes of property, except in the single case mentioned in the sixteenth section as to a contingent remainder in fee, created on a prior remainder in fee. This case does not fall within that exception. The ultimate disposition of the property upon the partition and distribution provided for in the will, being thus void, we think the whole scheme as to the residuary estate fails.

It must be treated as an entirety, and cannot be avoided in part and sustained in part. (*Knox* v. *Jones*, 47 N. Y., 389.)

The judgment appealed from should, therefore, be reversed, and the residuary clause of the will held void and the residuary estate be held to pass to the next of kin and heirs-at-law. The costs of all parties should be paid out of the fund.

BARNARD, P. J.:

The testator in general terms intended to divide his property equally. After bequests of certain small sums the will directs the executors to partition and divide the remainder of the estate both real and personal among all his children. The only departure from absolute equality was made in cases where a child should die without issue before the actual partition, and then the children of testator surviving at the time of the partition took in connection with the issue of a dead child (if there should be any) surviving at the time of the partition. The executor could not be compelled to partition the lands until after the lapse of five years from the date of the probate of the will, but he was at liberty to do so at an earlier period. For such time as should pass before partition, the executors were entrusted with the complete power of management of the estate. He could sell or change the form of any part of the estate real or personal. He had entire charge, custody and management of the whole estate rents and incomes from all sources. The executor was directed to pay each child $2,400 per annum, " as a part of his or her share in my estate." In case of a sale other than a partition to a child, the money received as a consideration was to be " substituted in the place of the land so sold."

Under these provisions the land descended direct to the heirs of the testator at the time of his decease. The statute provides that the suspension of the absolute power of alienation shall be limited by lives only, and if this will is good to vest the executor with the title in trust, which may extend for an absolute term of five years, there is no one in being who can give a title until after that period has passed, or until he chooses to partition the lands among the children. The general rule governing the consideration of the validity of trusts, is that possible and not actual events are alone considered and no limitation is good unless it necessarily takes effect within the time allowed by the statute. The real estate could not descend to the heirs with the liability that the title should . be divested by death before the actual partition, for the will gives the executor an estate in the lands until actual partition, and no estate in possession could be given. If the power of sale is a mere power, no objection to an action for partition can be based upon this. (*Lent* v. *Howard*, 89 N. Y., 169.)

My conclusion is that the judgment should be reversed, and a new trial granted, costs to abide event.

CULLEN, J., concurred in result.

Judgment reversed and new trial granted, costs to all parties out of fund.