## THE VILLAGE OF NEW ROCHELLE, APPELLANT, *v.* HENRY S. CLARK, RESPONDENT.

*Ordinances against making fires in a village street — all the words thereof must be given an effect.*

A village ordinance provided as follows: "Sec. 2. No hay, straw, chips, shavings or other combustible substance shall be set on fire or burnt in any street, at any time, or in any lot of the village, except between the rising and setting of the sun, under the penalty of ten dollars, by any person directing or causing the same to be done."

In an action brought to recover the prescribed penalty against Henry S. Clark, who had directed that a fire be made in a street of the village:

*Held*, that he was liable therefor.

That the ordinance forbade the making of fires in the. streets at any time, but permitted a fire to be made in a lot between sunrise and sunset.

That ordinances must be so construed as to give effect to all the language employed.

APPEAL by the plaintiff, the Village of New Rochelle, from an order of the County Court of Westchester county, entered in the clerk's office of said county on the 27th day of February, 1892, reversing a judgment in favor of the plaintiff for ten dollars, rendered by a justice of the peace; and also from a judgment of said court, entered in said clerk's office on the same day, in favor of the defendant for costs.

*Charles H. Noxon*, for the appellant.

*C. H. & J. H. Young*, for the respondent.

BARNARD, P. J.:

The question presented involves only a construction of an ordinance of the plaintiff, which is in these words :

"Section 2. No hay, straw, chips, shavings or other combustible substance shall be set on fire or burnt in any street, at any time, or in any lot of the village, except between the rising and setting of the sun, under the penalty of ten dollars, by any person directing or causing the same to be done."

The defendant directed a fire to be made in a street of the village. The. case does not show whether the fire was made between sunrise and sunset or not. If a fire could be kindled in the street at any time, the justice was wrong and his finding

was properly reversed. The ordinance forbids fires in the street " at any time," but permits a fire in any lot of the village between sunrise and sunset. To make the exceptions cover streets and lots, violation would be done to the section by striking out the words as to the streets which forbid fires at any time. If the section be read so as to except fires in lots in the daytime, all the words will have a place and meaning. Statutes are to be construed so as to give effect to all the language employed. (*Matter of New York and Brooklyn Bridge*, 72 N. Y., 527.)

I think the true meaning of the law is that fires are out of place in the streets of a village at all times, and fires in lots at night are terrifying and dangerous when the people are not awake to meet the danger.

The judgment of the County Court should be reversed, and that of the justice affirmed, with costs.

DYKMAN and CULLEN, JJ., concurred.

Judgment of County Court reversed, with costs, and judgment of justice affirmed.