The People of the State of New York ex rel. Caleb W. Mitchell, Appellant, v. Charles H. Sturges, Respondent.

1. Constitutional Law—Abridgment of Term of President of Village as Incident of Abolition of Office by Amendment of Charter. Chapter 247 of the Laws of 1895, which amended the charter of the village of Saratoga Springs and, in making a general change in the plan of government of the village, abolished the office of president as elected by the people and created the office of president to be filled by appointment by the board of trustees, with additional powers and duties, is not open to the objection that it violated the constitutional provision that no one shall be deprived of his rights or privileges "unless by the law of the land or the judgment of his peers" (Const. art. 1, § 1), on the theory that the legislation was directed against the incumbent of the office, whose term was thereby

abridged, and not against the office — there being no such intent disclosed by the act and the abridgment of the term being merely a necessary incident of the abolition of the office.

2. CONSTITUTIONAL AMENDMENT OF VILLAGE CHARTER. Nor is the above act in conflict with either of sections 2, 5, 7 and 8 of article 10 of the Constitution.

*People ex rel. Mitchell* v. *Sturges,* 27 App. Div. 387, affirmed.

(Argued June 15, 1898, decided October 4, 1898.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 9, 1898, affirming a judgment in favor of defendant entered upon a dismissal of the plaintiff's complaint upon the merits at a Trial Term, a jury having been waived.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles Haldane* for appellant. The right of the incumbent of a public office to hold and enjoy his office is a right or privilege that is protected by section 1 of article 1 of the Constitution of this state. (Code Civ. Pro. § 1950; *People ex rel.* v. *Draper,* 15 N. Y. 555; *People ex rel.* v. *Albertson,* 55 N. Y. 54; *City of Madison* v. *Korbly,* 32 Ind. 74; *State* v. *McAllister,* 11 Ohio, 46; *Wammack* v. *Holloway,* 2 Ala. 31; *People ex rel.* v. *Green,* 58 N. Y. 303; *Nichols* v. *MacLean,* 101 N. Y. 526; *People* v. *Hurlburt,* 24 Mich. 127; *Rogers* v. *Common Council of Buffalo,* 123 N. Y. 173; *Taylor* v. *Porter,* 4 Hill, 140, 144–146; *Hoke* v. *Henderson,* 4 Dev. [N. C.] 1; *Wilkinson* v. *Leland,* 2 Pet. 657.) The Constitution of the state (Art. 10, §§ 5, 7, 8) limits the power of the legislature in dealing with the incumbents of public offices. (*People ex rel.* v. *Draper,* 15 N. Y. 532; *People ex rel.* v. *Albertson,* 55 N. Y. 64; *Sturgis* v. *Spofford,* 45 N. Y. 448.) The statute in question violates the provisions of section 2 of article 10 of the Constitution of the state. (*People* v. *Thacher,* 55 N. Y. 529; *Rathbone* v. *Wirth,* 150 N. Y. 459.)

*Charles H. Sturges* and *A. W. Shepherd* for respondent. The provisions of the act of the legislature, under which the

defendant became president of the village of Saratoga Springs and the term of office of the relator as such president was abridged, are constitutional. (*Smith* v. *Mayor, etc.*, 37 N. Y. 518, 520; *Nichols* v. *MacLean*, 101 N. Y. 526; *Conner* v. *Mayor, etc.*, 2 Sandf. 355; *Long* v. *Mayor, etc.*, 81 N. Y. 425, 428; *Koch* v. *Mayor, etc.*, 152 N. Y. 75; *Sturgis* v. *Spofford*, 45 N. Y. 446, 449; *People ex rel.* v. *McKinney*, 52 N. Y. 374, 377; *Long* v. *Mayor, etc.*, 81 N. Y. 425, 427; *People ex rel.* v. *Whitlock*, 92 N. Y. 191, 196, 198.)

HAIGHT, J. This action was in the nature of a quo warranto brought for the purpose of ousting the defendant from the office of president of the village of Saratoga Springs and declaring the relator entitled thereto.

In March, 1894, the relator was elected president of the village of Saratoga Springs for the term of two years, under the charter then in force. He entered upon the duties of his office and continued until the first Monday of May, 1895, when the defendant entered into the possession of the office to the exclusion of the relator, and has since retained possession and discharged the duties relating to it. On that day the board of trustees of the village, acting in pursuance of the provisions of chapter 247 of the Laws of 1895, appointed the defendant president of the village for the term of two years, and he thereupon immediately qualified and entered upon the duties of the office. The relator insists that this statute is void, in that it is in conflict with the provisions of the Constitution of the state: 1. That it violates section one of article one, which provides that no one shall be deprived of any of his rights or privileges " unless by the law of the land or the judgment of his peers." 2. That it violates sections five, seven and eight of article ten, in relation to the creation of, and filling vacancies in, offices, in that it provides for the selection of an incumbent for an office not vacant at the time the selection is made. 3. That it violates section two of article ten, which provides that " all city, town and village officers, whose election or appointment is not provided for by this

Constitution, shall be elected by the electors of such cities, towns and villages, or of some division thereof, or appointed by such authorities thereof, as the legislature shall designate for that purpose."

The act in question is entitled " An act to amend chapter 220 of the Laws of 1866, entitled ' An act to amend the charter of the village of Saratoga Springs, and the several acts amendatory thereof,' passed March 26, 1866." The first section of the act amends section two of the charter by dividing the village into six wards and defining their boundaries. Section two amends section four of the charter, so as to provide that the officers of the village shall consist of a president, thirteen trustees and other officers specified. Section three provides for the first election of trustees, their terms of office, etc. Section four inserts in place of section thirteen of the charter, which had theretofore been repealed, the following : " The board of trustees shall upon the first Monday in May in the year 1895 and upon the first Monday in April, in each odd-numbered year thereafter, assemble at the place provided for the meetings of the board of trustees in said village, and shall proceed to elect some suitable person who shall be a resident and taxpayer of said village, to the office of president of the village, and the president so elected shall hold his office for two years and until his successor is duly chosen and qualified ; but in case the person so elected shall refuse to serve, and as often as any vacancy occurs in said office, said trustees shall reassemble at such time and place as may be designated by a majority of said trustees for that purpose, and proceed to elect some other person to said office or to fill such vacancy. Upon the election of a president of the village pursuant to this section the term of office of the present president shall cease and determine." Section five provides for the appointment of fire commissioners by the trustees of the village with the approval of the president. Section six provides for a like appointment of water commissioners. Section seven amends section twenty-two of the charter so as to give the trustees the power of removal of the officers appointed by them, except

the president, and section eight contains provision for the first election of trustees.

The counsel for the appellant has submitted an able and carefully prepared argument upon the construction which he claims should be given to section one of article one of the Constitution. We have not thought it necessary to enter upon a discussion of the meaning of this provision, for the reason that it is frankly conceded by him that the charter of the village having been created by the legislature can be revised, amended or repealed by it. He insists, however, that the legislation in question was directed against the relator and not against the office held by him, and for that reason it is brought in conflict with what he claims to be the true intent and meaning of the provision of the Constitution. We, however, have before us no evidence from which we are justified in concluding that such was the legislative intent, and we cannot so assume. The legislative intent must ordinarily be gathered from the act itself. Sometimes, in the ascertaining of the meaning of an act, we consider it in the light of the common knowledge of the public at large of the conditions which led to its adoption. Such extraneous facts are resorted to to aid in its interpretation and not to defeat the act unless in cases where personal liberty is involved, or private property is sacrificed under a pretense of protecting the public health or morals, or is taken for the public use. ( *Waterloo Woolen Mfg. Co.* v. *Shanahan*, 128 N. Y. 345.)

Upon referring to the act we find that there has been a general revision of the provisions of the charter and a radical change made in the plan of the government of the village. Under the old charter there were but three wards and six trustees, and the president was elected by the electors of the village. Under the new revision the wards were doubled in number, as well as the trustees; the office of president as elected by the electors was abolished and the office of president appointed by the trustees created with additional powers and duties with reference to the appointment of fire commissioners, water commissioners, etc. The fact that the name of the new

office is the same as that of the old is unimportant.   The further fact that many of the duties devolving upon the old officer are continued upon the new officer, does not necessarily establish that the legislation was aimed at the officer, and cannot be held to outweigh the other undisputed facts that the office of president of the village as elected by the people was abolished and the office of president appointed by the board of trustees was created with additional powers and duties.   In this respect the case is not distinguishable from that of *Koch* v. *The Mayor* (152 N. Y. 72).

The contention of the appellant, that the act violates the other provisions of the Constitution, are so full and correctly answered in the opinion by LANDON, J., in the Appellate Division, that we do not deem it necessary to further prolong the discussion.

The judgment should be affirmed, with costs.

All concur, except PARKER, Ch. J., and O'BRIEN, J., dissenting.

Judgment affirmed.