In re COLES.

(Circuit Court, N. D. California. April 24, 1899.)

No. 12,565.

CUSTOMS DUTIES—CLASSIFICATION—ANTHRACITE COAL.
    Under the tariff act of 1897, anthracite coal containing less than 92 per cent. of pure carbon is dutiable, being clearly embraced within the language of paragraph 415, which imposes a duty on "coal, bituminous, and all coals containing less than ninety-two per centum of fixed carbon," and thus brought within the exception contained in paragraph 523, placing on the free list "coal, anthracite, not specially provided for in this act."

This is an application by Charles P. Coles for the review of a decision of the board of general appraisers relative to the classification for duty of a cargo of anthracite coal.

Sidney V. Smith, for petitioner.
Samuel Knight, Asst. U. S. Atty.

MORROW, Circuit Judge. The petitioner, Charles P. Coles, on the 24th day of July, 1897, imported from Swansea, Wales, into the port of San Francisco, Cal., in the United States, 3,494¾ tons of anthracite coal, in the British ship Muskoka. On August 3, 1897, the collector of the port of San Francisco classified the importation as "coal containing less than 92 per cent. of fixed carbon," under the act of July 24, 1897, and dutiable, under paragraph 415 of that act, at the rate of 67 cents per ton. The petitioner paid the amount levied, but within the proper time entered his protest against this classification and liquidation by the collector, on the ground that the importation was anthracite coal, so known to the trade commercially, and entitled to free entry, under paragraph 523 of the act of July 24, 1897, as "coal, anthracite, not specially provided for in this act." The collector referred the matter to the board of United States general appraisers at New York, and the classification and decision of the collector was there upheld. To reverse this decision, petitioner appeals to this court for a review of the questions of law and fact therein involved.

The act entitled "An act to provide revenue for the government and to encourage the industries of the United States," approved July 24, 1897 (30 Stat. 151), provides:

"That on and after the passage of this act, unless otherwise specially provided for in this act, there shall be levied, collected, and paid upon all articles imported from foreign countries, and mentioned in the schedules herein contained, the rates of duty which are, by the schedules and paragraphs, respectively prescribed, namely:

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*

"Schedule N.—Sundries.

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*

"Par. 415. Coal, bituminous, and all coals containing less than ninety-two per centum of fixed carbon, and shale, sixty-seven cents per ton of twenty-eight bushels, eighty pounds to the bushel; coal slack or culm, such as will pass through a half-inch screen, fifteen cents per ton of twenty-eight bushels, eighty pounds to the bushel: provided, that on all coal imported into the United States, which is afterwards used for fuel on board vessels propelled by steam and engaged in trade with foreign countries, or in trade between the Atlantic and Pacific ports of the United States, and which are registered under the laws of the United States, a drawback shall be allowed equal to the duty imposed by law upon such coal, and shall be paid under such regulations as the secretary of the treasury shall prescribe; coke, twenty per centum ad valorem.

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*

"Free List.

"Sec. 2. That on and after the passage of this act, unless otherwise specially provided for in this act, the following articles when imported shall be exempt from duty:

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*

"Par. 523. Coal, anthracite, not specially provided for in this act, and coal stores of American vessels, but none shall be unloaded."

It is admitted by the appellant that the cargo of coal involved in this case contained less than 92 per centum of fixed carbon, but he contends that this fact does not bring it within the provisions of paragraph 415 of the tariff act, because the coal is commercially known as "anthracite coal," and is specifically designated and provided for in the free list, under paragraph 523; that the term "containing less

than ninety-two per centum of fixed carbon," in the duty list, is a general, descriptive phrase, referring only to a certain quality possessed by coal, which must yield to the special commercial designation implied in the word "anthracite"; that the words "not specially provided for," in paragraph 523, are words introduced into the statute out of abundant caution, and do not limit the words "coal, anthracite," in the same section; that, as a matter of fact, anthracite is by its nature so differentiated from other coals as to require special mention, and that the expression "all coal containing less than ninety-two per centum of fixed carbon" is meaningless as regards anthracite coal, all cargoes of which contain less than 92 per centum of fixed carbon; that anthracite has been free of duty for the last 30 years; and that no reason has been shown why congress should have intended to legislate differently from heretofore as regards this substance.

By the act of July 4, 1789 (1 Stat. 24, 25), the duty on coal imported into the United States was fixed at 2 cents per bushel. The act of August 10, 1790 (1 Stat. 180), increased the duty to 3 cents per bushel. The act of May 2, 1792 (1 Stat. 259), further increased it to 4½ cents per bushel, and the act of June 7, 1794 (1 Stat. 390, 391), to 5 cents per bushel. The act of July 1, 1812 (2 Stat. 768, 769), added 100 per centum to the permanent duties then existing, making the duty on coal 10 cents per bushel. The act of April 27, 1816 (3 Stat. 310, 311), reduced the duty to "five cents per heaped bushel." By the act of May 22, 1824 (4 Stat. 25–28), the duty was increased to 6 cents per "heaped bushel," and this continued to be the rate of duty on coal for the period of 18 years, or down to the act of August 30, 1842 (5 Stat. 548–553), when the rate of duty and the unit of measurement were changed to $1.75 per ton. By the act of July 30, 1846 (9 Stat. 42–45), the duty was changed to 30 per centum ad valorem; and by the act of March 3, 1857 (11 Stat. 192), the duty was reduced to 24 per centum ad valorem. By the act of March 2, 1861 (12 Stat. 178–182), a duty of $1 per ton of 28 bushels, 80 pounds to the bushel, was levied on bituminous coal; on all other coal, a duty of 50 cents per ton; and on coke and culm of coal, 25 per centum ad valorem. By the act of July 14, 1862 (12 Stat. 543–546), the duty on bituminous coal was increased 10 cents per ton of 28 bushels, 80 pounds to the bushel; on all other coal, 10 cents per ton; and on coke and culm of coal, 5 per centum ad valorem. By the act of June 30, 1864 (13 Stat. 202–206), the duty on bituminous coal and shale was fixed at $1.25 per ton of 28 bushels, 80 pounds to the bushel; on all other coal, 40 cents per ton; and on coke and culm of coal, 25 per centum ad valorem. The act of July 14, 1870 (16 Stat. 256–266), was an act to reduce internal taxes, and for other purposes. In this act "coal, anthracite," was placed on the free list, and is the first mention of anthracite in the tariff laws. In all previous acts, and for a period of 80 years, it had been subject to duty as other coal. The act of June 6, 1872 (17 Stat. 230), was an act to reduce duties on imports, and to reduce internal taxes, and for other purposes. By this act a duty was levied on all slack coal or culm, such as would pass through a half-inch screen, of 40 cents per ton of 28 bushels, 80 pounds to the bushel; on all bituminous coal or shale, 75 cents per ton of 28 bush-

els, 80 pounds to the bushel. Anthracite coal was not mentioned in this act. But it appears in the free list in the Revised Statutes (June 22, 1874), under section 2505, as "coal, anthracite," while the duty on all other coal, as provided in the act of 1872, appears under the schedule of "Sundries," in section 2504. The act of March 3, 1883 (22 Stat. 488), reduced the duty on slack coal or culm, such as will pass through a half-inch screen, to 30 cents per ton, but made no other change in the duty or description of other coal. Anthracite coal was continued on the free list. The act of October 1, 1890 (26 Stat. 567), commonly known as the "McKinley Act," provided, in paragraph 432, p. 600, as follows:

"Coal, bituminous, and shale, seventy-five cents per ton of twenty-eight bushels, eighty pounds to the bushel; coal slack or culm, such as will pass through a half-inch screen, thirty cents per ton of twenty-eight bushels, eighty pounds to the bushel."

"Coal, anthracite," is continued on the free list, in paragraph 536, p. 605. The act of August 27, 1894 (28 Stat. 509), commonly known as the "Wilson Act," was an "Act to reduce taxation, to provide revenue for the government, and for other purposes." It provided, in paragraph 318½, p. 533:

"Coal, bituminous and shale, forty cents per ton; coal slack or culm such as will pass through a half-inch screen, fifteen cents per ton."

And in the free list, in paragraph 441, p. 539:

"Coal, anthracite, and coal stores of American vessels, but none shall be unloaded."

We come now to the act of July 24, 1897 (30 Stat. 151), commonly known as the "Dingley Act." It is entitled "An act to provide revenue for the government and to encourage the industries of the United States." In paragraph 415, p. 190, it is provided:

"Coal, bituminous, and all coals containing less than ninety-two per centum of fixed carbon, and shale, sixty-seven cents per ton of twenty-eight bushels, eighty pounds to the bushel."

The language of this section, as will be seen by comparison, is a departure from that of all previous sections of the law upon this subject, and distinctly provides that all coals containing less than 92 per centum of fixed carbon, including bituminous coal, which had been mentioned by name in all the acts since the act of March 2, 1861, should be subject to a duty of 67 cents per ton. There is no question but that the article involved in this controversy is coal, and, that being so, there remains but one other inquiry to determine whether it comes under this section, and that is, does it contain less than 92 per centum of fixed carbon? It is admitted that it does. Then it is distinctly described, and made subject to the duty of 67 cents per ton.

But the appellant contends that he has found a more specific provision for this coal in the free list, under paragraph 523, where "coal, anthracite," is enumerated. But, how enumerated? Not as it was enumerated in all the acts from 1870 down to this act of 1897, but with this distinct qualification: "Not specially provided for in this act." This section is therefore limited. It does not provide for the free entry of all anthracite coal, as did the previous acts. It leaves some coal of that name to be found elsewhere, and, by returning to

paragraph 415, we find it in the character of all coal which contains less than 92 per centum of fixed carbon. It is clearly the duty of the court to read a statute according to the natural and most obvious import of the language without resorting to subtle and forced constructions, for the purpose of either limiting or extending its operation. Waller v. Harris, 20 Wend. 555, 561. It is also a cardinal rule in the construction of a statute that all of its parts are to be brought into harmony, if possible, and so construed that no clause, sentence, or word shall be void, superfluous, or insignificant. Suth. St. Const. § 240; In re Trustees of the New York & B. Bridge, 72 N. Y. 527. Under this rule of construction, the two sections of the act may be combined, and form one clear, concise, and logical enactment, providing that coal of any description whatsoever, containing less than 92 per centum of fixed carbon, is liable to a duty of 67 cents per ton, while anthracite coal, containing 92 per centum and more of fixed carbon, is to be admitted free. The two sections express the will of congress with respect to all coal.

With regard to appellant's contention that such a construction excludes anthracite coal from the free list altogether, for no cargo of anthracite coal contains more than 92 per centum of fixed carbon, it is sufficient to say that the statute does not impose the duty by the cargo, but on the unit of a ton; and it appears, from the evidence, that as a matter of fact samples of anthracite coal, taken and tested, show a variation in the amount of fixed carbon ranging from 86 to 94 per centum. There is, then, an imported article of coal upon which the free list provision of the statute may operate; and, if this is so, there is no ground for saying that the statute is meaningless. It is only where a word or sentence is unintelligible, or produces absurd and conflicting results, that it may be disregarded in giving effect to other provisions.

The decision of the board of appraisers is affirmed.