(119 App. Div. 835)

In re CONSOLIDATED TELEGRAPH & ELECTRICAL SUBWAY CO.

(Supreme Court, Appellate Division, First Department. June 7, 1907.)

MUNICIPAL CORPORATIONS—TAXES—DEDUCTION.

> Tax Law, Laws 1899, p. 1593, c. 712, § 46, provides that, where a city has assessed a tax on a corporation's franchise and the corporation has paid to the city any license fee, all amounts so paid shall be deducted from the tax assessed, and that the city officers to whom any such sum is paid shall deliver to the receiver of taxes a certificate showing the several amounts paid during the year, and the receiver shall credit on the tax roll the amounts stated in such certificate on any tax levied against the corporation. Held, that the law does not authorize the deduction from taxes due a city from a subway company of an amount equal to the rental value of space in its subway occupied by the city free of charge as a condition for the company's franchise; the law applying only to credits arising from cash payments.

Appeal from Special Term.

Application by the Consolidated Telegraph & Electrical Subway Company for writ of mandamus to Herman A. Metz, comptroller of the city of New York, and another. Plaintiff appeals from an order denying a motion for a peremptory writ. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

Henry J. Hemmens, for appellant.
George S. Coleman, for respondents.

McLAUGHLIN, J. This is an appeal from an order denying a motion for a peremptory writ of mandamus to compel the comptroller and collector of assessments and arrears of the city of New York to accept the sum of $33,857.49, being the sum of $25,490.17 with interest and penalties, in full payment for the tax assessed upon the special franchise of the relator for the year 1900. The full amount of the tax was $40,038.10, but the appellant claims that under the provisions of section 46 of the tax law (chapter 712, p. 1593, Laws 1899) it was entitled to a deduction of $14,547.93; that being the rental value of the space in its subways occupied by the city of New York during the year 1899, free of charge, pursuant to the contracts between it and the city ratified by the Legislature (chapter 716, p. 928, Laws 1887).

The question presented turns upon the construction to be put upon section 46 of the tax law, which provides in part that where a city,

town, or village has assessed a tax upon the special franchise of a corporation, and it appears that the corporation "has paid to such city, town or village  *  *  *  any sum based upon a percentage of gross earnings, or other income, or any license fee, or any sum of money on account of such special franchise  *  *  *  which payment was in the nature of a tax, all amounts so paid  *  *  *  shall be deducted" from the tax assessed. The appellant's contention is that, since it is compelled to furnish the city space in its subways without charge, the giving of this free space is a license fee, and is equivalent to a payment on account of its special franchise and is in the nature of a tax. I do not think this contention can be sustained. The section of the statute referred to provides for a deduction in four cases: (1) Where the corporation has paid any sum based on a percentage of gross earnings; (2) or any other income; (3) or any license fee; (4) or any sum of money on account of such special franchise, which payment was in the nature of a tax. It cannot be contended that the appellant paid any sum based upon the gross earnings, other income, or any sum of money on account of its franchise, so that the only ground left as the basis of the claim is that in furnishing the free space it was in effect paying a license fee. Not only is this a forced construction of the ordinary meaning of the term "license fee," but one which cannot be adopted considering the other words used in the statute. The general rule for the construction of statutes is that they shall be read according to the natural and most obvious import of the language, "without resorting to artificial or forced constructions for the purpose of either limiting or extending their operation. If practicable, effect must be given to all the language employed, and inconsistent expressions are to be harmonized to reach the real intent of the Legislature." Matter of New York and Brooklyn Bridge, 72 N. Y. 527. Applying this rule, it seems to me clear that the language used indicates that the payments for which a deduction is to be made must be in money. In fact, it is specifically so stated in the other three cases, and there is nothing which would justify the assumption that the term "license fee" as used means anything else than a payment in cash. This view is in no wise in conflict with the case of Heerwagen v. Crosstown St. Ry. Co., 179 N. Y. 99, 71 N. E. 729, cited by the appellant. In that case the defendant was bound by an agreement to pay yearly a certain percentage of its gross earnings, and it very properly contended that this sum was to be deducted, under section 46 of the tax law, from the tax imposed upon its franchise. The point raised was that this payment was not "in the nature of a tax," and the Court of Appeals held that it was doubtful whether these words referred back to any sum "based upon a percentage of gross earnings," and, in any event, the case was within the statute. This case, as I read it, instead of sustaining, weakens the appellant's position, for its whole contention rests upon the assertion that the giving of the free space to the city was "in the nature of a tax," and, if the words "which payment was in the nature of a tax" qualify only any sum of money on account of such special franchise, they do not apply to the case at bar, for the free space certainly was not "any sum of money."

But, if there remains any doubt as to the meaning of that portion of section 46 already considered, it is, as it seems to me, conclusively settled by the remaining provisions of the section, which show clearly that only payments in cash were contemplated. The officers of the city "to whom any sum is paid for which a * * * corporation is entitled to credit as provided in this section" shall deliver to the receiver of taxes "his certificate showing the several amounts which have been paid during the year ending on the day of the date of the certificate." The receiver of taxes shall then "credit on the tax roll to the * * * corporation affected, the amount stated in such certificate on any tax levied against such * * * corporation." These provisions plainly indicate that the only credits to which such a corporation is entitled on its books are payments in cash. It is impossible to give any other meaning to them. But it is suggested that this does not necessarily include all the ways in which such deductions shall be made; but it is inconceivable that, if the Legislature had intended that the deductions should be made for services rendered, some provision would not also have been made for estimating them and making the deductions, since the specific directions were given regarding cash payments. This section, taken as a whole, is susceptible of but one interpretation, and that is that it applies only to payments made in cash. It does not contemplate any deduction on account of free service rendered as a condition for the enjoyment of the franchise. But it is suggested that it is inequitable to levy a tax based upon the full value of a franchise where the party holding the same is compelled to render certain services without charge, and especially where, if a similar burden had been imposed in the form of a yearly cash payment, a deduction in the tax would be made. This, however, was a matter for the consideration of the Legislature, and it has declared that the deduction shall be made only for money paid on account of such special franchise, and words were apparently used in order to exclude deductions on account of services.

If the foregoing views be correct, then it follows that the order appealed from is right, and should be affirmed, with $10 costs and disbursements. All concur.