In the Matter of JULIUS MARCUS, Respondent, against LAZARUS JOSEPH, as Comptroller of the City of New York, Appellant.

First Department, March 3, 1953.

*Anthony Curreri* of counsel (*Seymour B. Quel* with him on the brief; *Denis M. Hurley, Corporation Counsel*, attorney), for appellant.

*Edward V. Morand* for respondent.

*Per Curiam.* In our opinion the provisions of section 308 of the Code of Criminal Procedure respecting the employment of experts as witnesses are limited to capital cases. The sentence in question in section 308 referring to employment of experts and beginning with the words " In any case " was added by chapter 242 of the Laws of 1918, entitled " AN ACT to amend section three hundred eight of the code of criminal procedure, in relation to expert witnesses for the defendant in cases where the offense charged in the indictment is *punishable by death.*" (Italics ours.) Obviously at the time of such addition, the Legislature intended to limit the amendment to cases in which the defendant was charged with a capital crime. (See *People* v. *Draper*, 169 App. Div. 479, 485.) In the context of the whole statute, the sentence here in question may not be said to be so unambiguous as to afford basis for a clear warrant in law. In *People* v. *Snyder* (297 N. Y. 81, 93) Judge Desmond in a concurring opinion referred to section 308 and pointed out that in capital cases attorneys and other facilities for a proper defense were provided at public cost.

Defendant in the present case would have been amply protected if the County Judge had resorted to section 658 *et seq.* of the Code of Criminal Procedure expressly providing for inquiry into the sanity of a defendant by physicians attached to State or city hospitals. Such inquiry does not prevent an impecunious defendant in a criminal case from presenting any defense to any trier of the fact; on the contrary it assists him by providing in New York City (Code Crim. Pro., § 659) *two* qualified psychiatrists *aided by* an assistant corporation counsel assigned for that purpose; and there is nothing to prevent a defendant from using the testimony so procured if so advised. In reason there are good grounds for distinguishing between allowances for expert fees in capital cases and in other criminal cases. The present interpretation would permit employment of experts under section 308 in any and all types of criminal prosecutions including prosecutions for misdemeanors and would impose upon the counties an onerous, and in the light of the provisions of section 658 *et seq.* of the Code of Criminal Procedure an unnecessary burden of expense. In this case the maximum sum allowable for one expert was granted. As this is a proceeding in the nature of mandamus, the petitioner must establish a clear legal right; to justify the assumption of power to control the public purse requires a clear warrant in law. We do not find such clear warrant here.

The order appealed from should be reversed and the petition dismissed, with costs.

COHN and VAN VOORHIS, JJ. (dissenting). If the legislative intent as expressed in a statute is clear and unambiguous, the title is not to be considered in its interpretation (*People* v. *Molyneux,* 40 N. Y. 113; *People* v. *Willett,* 164 App. Div. 1, affd. 213 N. Y. 368). The substance of a plain statute can neither be extended nor restricted by the language of the title (*Matter of New York and Brooklyn Bridge,* 72 N. Y. 527; McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], §§ 123, 124). The same is true of the legislative history of a statute, which will not be allowed to control the unambiguous meaning (*People ex rel. Mitchell* v. *Sturges,* 156 N. Y. 580; *Matter of Dean,* 230 N. Y. 1).

There is no ambiguity in the portion of section 308 of the Code of Criminal Procedure which applies to the present situation. The second sentence is, it is true, limited to '' a case where the offense charged in the indictment is punishable by death '', but this language is employed in contrast with the next sentence, which controls the instant appeal: '' In any case in which experts may be employed as witnesses and in case it shall appear to the satisfaction of the court or a judge thereof that the defendant is not financially able to employ experts, the court to which the indictment is presented or sent or removed for trial or a judge or justice thereof may direct the employment of expert witnesses for the defendant in number not exceeding the number sworn or to be sworn for the prosecution or, where the affirmative presentation of evidence on the issue is incumbent on the defendant, and the prosecution has not indicated any number of experts to be employed, the court or judge may upon satisfactory proof of the necessity therefor, permit the employment of an expert or experts not to exceed two in number, at an expense in the aggregate of not exceeding the sum of ten hundred dollars.''

Section 658 *et seq.* being chapter V of the Code of Criminal Procedure, added by chapter 861 of the Laws of 1939, were not intended to supersede the right of an impecunious defendant in a criminal prosecution to present the defense of insanity to a jury or other trier of the fact. It would be unjust to have allowed this defense to be interposed, in other than capital cases, only by such defendants as could afford to employ a psychiatrist. In our judgment, the language of section 308 of the Code of Criminal Procedure expressly authorizes the

employment of a psychiatrist in any criminal case in the discretion of the court.

The order appealed from should be affirmed.

PECK, P. J., DORE and CALLAHAN, JJ., concur in *Per Curiam* opinion; COHN and VAN VOORHIS, JJ., dissent and vote to affirm, in opinion.

Order reversed, with $20 costs and disbursements to the appellant and the petition dismissed, with costs.