Edward Thompson,
Acting County Judge. Defendant is charged with less than a capital crime. He seeks the appointment of two expert witnesses pursuant to section 308 of the Code of Criminal Procedure, these to be used by him to contradict the People’s witnesses in a sanity hearing and to be of assistance to him in preparation for the conduct of a trial.
The defendant has satisfied the statutory prerequisite by submitting an affidavit in pauperis and for the purpose of this decision the court will assume that he has evinced a sufficiency of evidence with respect to his psychotic background and history. To the appointment of said expert witnesses, the District Attorney had consented by an affidavit, which he thereafter withdrew.
An examination of the history of this section and decisions thereunder indicates quite clearly that the grounds for appointment of expert witnesses and allowances for personal and incidental expenses to counsel as a county charge are limited indeed. (People v. Marx, 10 Misc 2d 1053 [1957].) Though the worth of such services and the inequity resulting from attorneys not being entitled to payment therefor have been recognized, such services have been disallowed as onerous burdens upon the county. (Matter of Reilly v. Berry, 250 N. Y. 456 [1929].)
The sentence of the statute relied upon by the defendant herein and referring to the employment of experts which begins with the words “In any case ” was added by chapter 242 of the Laws of 1918. The very title of that amendment specifically made reference to cases where the offense charged in the indictment is punishable by death. (People v. Draper, 169 App. Div. 479, 485.)
Thus, without a clear warrant in law, providing payment for the same (Matter of Marcus v. Joseph, 281 App. Div. 336, affd. 305 N. Y. 813), I hold that there is no authority for the appoint *1023 ment of expert witnesses in noncapital cases. This defendant, in a noncapital case, is afforded the benefit of section 658 et seq. of the Code of Criminal Procedure and pursuant to those sections this court has committed the defendant to Kings County .Hospital where he was examined and found legally responsible by the two attending psychiatrists of that institution.
As a further protection to the defendant, the court has committed him to the other available institution within its jurisdiction, namely Bellevue Hospital, for further and continued examination. Motion is denied.